Gates *v.* Bowker.

⟶⟶⟶◉⟸⟵⟵

### George W. Gates *v.* Emri E. Bowker.

After verdict all averments on the side of the successful party, which were involved in the issue tried, will be taken to have been duly proved, or admitted, unless something is placed upon the record to show the contrary.[*] Therefore where the plaintiff, in an action for a libel, averred that the libel was published of him as a merchant, and the court instructed the jury, that the words were actionable without proof of special damage, they having been spoken of the plaintiff as a merchant, and it did not appear, upon the bill of exceptions, whether the plaintiff was a merchant, in the correct sense of that term, or a mere trader or retail dealer in merchandise, it was held, that, if such distinction could in any way be important, the court would intend that the plaintiff was a merchant in the sense requisite for the purposes of the action.

In respect to mere matter of allegation, in a declaration, a variance in proof as to time, number, or quantity, does not affect the plaintiff's right of recovery ; but as to matter of description a variance in time is fatal.

If, in an action on the case for a libel, the evidence show the publication of the libel to have been on a different day from that averred in the declaration, the variance is immaterial,—the fact of publication being a matter of allegation merely.

[*] *Keyes* v. *Throop et. al.*, 2 Aik. 276. *Richardson et al.* v. *Royalton & Woodstock Turnp. Co.*, 6 Vt. 496. *Morey* v. *Homan*, 10 Vt. 565. *Needham* v. *McAuley*, 13 Vt. 68. *Martin* v. *Blodgett et al.*, 1 Aik. 375. *Bliss et al.* v. *Arnold et al.*, 8 Vt. 252. *Vadakin* v. *Soper*, 1 Aik. 287. *Battles* v. *Braintree*, 14 Vt. 348. *Manwell, Adm'r*, v. *Estate of Manwell*, 14 Vt. 14. *Wood* v. *Scott*, 13 Vt. 42.

Gates *v.* Bowker.

In an action on the case for a libel evidence of the loss of the libellous paper declared upon may be given, and the plaintiff, having established that fact, may then proceed, as in other civil actions, to prove by secondary evidence the making, contents and publication of the paper.

TRESPASS ON THE CASE for malicious prosecution and for a libel. The plaintiff, on trial, abandoned all the counts in his declaration except the first and fourth. Plea, the general issue and in bar, and trial by jury,—REDFIELD, J., presiding. The libel declared upon in the fourth count was in these words:—" I understand that Geo. ' W. Gates, of Lunenburgh, Vermont, is owing you, and I take this ' course to let you know his situation at this time, wishing that ' every man may get his own. He is owing a great deal here and ' is sued for considerable; his property is all attached and receipted; ' his starch factory is mortgaged. It is stated, that all his real estate ' is out of his hands; his cattle, that he keeps at the factory, is put ' out of his hands, but they are in his possession ;" and the plaintiff averred, that the libel was published of him, as a merchant, to one of his creditors.

On trial the plaintiff offered to prove the loss of the alleged libel, for the purpose of introducing secondary evidence of its contents ; to which testimony the defendant objected. The court overruled the objection, and, on proof that the instrument was lost without fault on the part of the plaintiff, permitted the plaintiff to give parol evidence of its making, contents and publication.

The plaintiff, in his declaration, alleged that the libel was published Feb. 16, 1838, and his evidence tended to show that it was published Feb. 16, 1839. The defendant objected to this evidence, on the ground of variance; but the court overruled the objection. The defendant also contended, that the written instrument, set forth in the plaintiff's declaration, was not libellous, without proof of special damage; but the court instructed the jury, that the matter was libellous in itself,—it having been published of the plaintiff in his character of merchant.

The jury returned a verdict for the plaintiff. Exceptions by defendant. Exceptions were also taken by the defendant to the decisions of the court upon the first count in the declaration, and were subsequently waived by him in the Supreme Court.

Gates *v.* Bowker.

———— for defendant.

1. The evidence only showed the plaintiff to be a mere trader, or retail dealer, and not a merchant, in the technical sense of that term; and the libel charged was not, for that reason, actionable, without proof of special damage. Stark. Sl. 113, and cases there cited. 2 Stark. Ev. 459, n. 1.

2. The variance between the evidence and declaration, as to the time of publication of the libel, was fatal, 1 Phil. Ev. 173. Stark. Sl. 258, 259, and notes. 5 T. R. 620.

3. Secondary evidence, as to the contents of the alleged libel, was inadmissible. Rosc. Ev. 3, 4. *Adams* v. *Kelly*, R. & M. 157, [21 E. C. L. 403.]

*W. Haywood, Jr.*, and *Wells* for plaintiff.

1. The allegation as to the time of publication of the libel does not refer to the date, or make part of the description of the libel, but merely avers the fact, that the libel was then published. Consequently the precise time was immaterial, and there was no fatal variance between the proof and declaration. 3 Stark. Ev. 1598, 1558. *McDaniels* v. *Bucklin*, 13 Vt. 279. 1 Chit. Pl. 345, 385, 386. 2 Bl. Rep. 1050. Dougl. 193. 1 T. R. 70, 235. 4 T. R. 561. 12 Vt. 462. 4 Pick. 233. Russell on Cr. 717. 1 Phil. Ev. 203. 6 T. R. 265.

2. The written instrument set forth was libellous. *Colby* v. *Reynolds*, 6 Vt. 489. 3 Bl. Com. 123. *Godson* v. *Howe*, 12 Petersd. Ab. 120. *Ostram* v. *Calkins*, 5 Wend. 263. *Sewall* v. *Catlin*, 3 Wend. 291. Stark. Sl. 116, 117.

3. The secondary evidence of the contents of the libel was admissible. 1 Stark. Ev. 352. *Rex* v. *Johnson*, 7 East 65. 5 Pick. 436. 3 Pick. 67. 10 Mass. 327. 11 Ib. 282. 15 Ib. 380.

The opinion of the court was delivered by

ROYCE, J. It appears, that the trial was had on the first and fourth counts in the declaration, all the others being abandoned. These are in trespass on the case, the former for the institution of a groundless and malicious suit against the plaintiff, and the latter for a libel upon him in his character, or profession, of a merchant. No question is now made by the excepting party in relation to the first count. In reference to the fourth count several objections to the

4

Gates *v.* Bowker.

course of the trial are still urged. It is insisted, that the matter complained of as libellous was not sufficient to constitute a libel, without the allegation and proof of special damage. This objection is based upon an assumed distinction between a merchant, in the correct sense of that term, and a mere trader or retail dealer in merchandise, it being conceded that the defendant's letter to Davis, Bates & Turner, of Boston, amounted to a libel *per se,* if the plaintiff was strictly a merchant. If such a distinction could in any way be rendered important, it should appear by the bill of exceptions whether the plaintiff's business was that of a proper merchant. It is an established rule, that after verdict all averments on the side of the successful party, which were involved in the issue tried, shall be taken to have been duly proved, or admitted, unless something is placed upon the record to show the contrary. And since the case is silent in this particular, we must now intend that the plaintiff was a merchant, in the requisite sense for the purposes of this action.

The declaration alleges the publication of the libel on the 16th day of February A. D. 1838, when the proof showed it to have been a year afterwards. This is urged as a fatal variance. The distinction is between matter of mere allegation and matter of description. In the former case a variance as to time, number, or quantity, does not affect the legal right of recovery; whilst in the latter a variance in time, as in other parts of the description, goes to disprove the identity of the subject matter, and is therefore fatal. As in the case of a deed, or other written instrument, if it be simply alleged that it was made or delivered on such a day, it is no material variance to prove the making or delivery on a different day. It is otherwise, where the date is given in connection with the making and delivery. In the one case an act only is alleged; in the other an instrument is also described. There can be no doubt, that, in this instance, the fact of publication was rightly treated by the court below as matter of allegation merely, and not of description.

In reference to the admission of proof to show the loss of the libellous paper, and the subsequent introduction of parol evidence to prove the making, contents, and publication, it is sufficient to say, that we perceive no sound distinction, in this respect, between the present case and other civil actions.

Judgment of county court affirmed.