## NEWTON v. BROWN and Another.

*Evidence. Motion in Arrest. Motion for New Trial.*

In case for conspiracy to defraud plaintiff by selling to him a sick cow owned by defendant C., plaintiff offered evidence tending to show that B., the other defendant, who had previously sold the cow to C., and who recommended her to plaintiff, had said, while C. owned her, that she was sick, and had passed bloody urine ever since the previous spring. *Held*, admissible, to show B.'s knowledge of the cow's condition when he so recommended her.

The declaration alleged that there was a conspiracy between defendants to cheat and swindle plaintiff, and that the same was effected; and also that the defendants de-

Newton v. Brown et al.

frauded him in the sale of, &c., by false and fraudulent representations. *Held,* upon motion in arrest, that either allegation, established by testimony received without exception, was sufficient to uphold a verdict for plaintiff.

After verdict, defendants moved for a new trial, for that the verdict was against the weight of evidence, and that there was no evidence tending to show a cause of action. *Held,* that the motion was addressed to the discretion of the County Court, and could not be revised upon exceptions.

CASE for conspiracy to defraud the plaintiff by selling him a sick cow. Plea, the general issue, and trial by jury, March Term, 1876, REDFIELD, J., presiding:

The declaration alleged that the defendants, at, &c., on, &c., conspired and combined to cheat and swindle the plaintiff out of a large sum of money, to wit, &c., by fraudulently representing to the plaintiff that a certain cow that the said, &c., then owned, was a sound, well cow, all right in all respects and a good milker; that by such false and fraudulent representations the defendants induced the plaintiff to purchase said cow at the price of, &c., they, the defendants, well knowing said cow not to be sound, well, and all right, but diseased and sick; and that defendants, by such fraudulent combination and representation, induced the plaintiff to pay, &c., and thereby cheated and defrauded him, &c.

The plaintiff introduced testimony tending to show that Brown, one of the defendants, who, as it appeared, had sold the cow to Copp, the other defendant, before the sale in question, which was made by Copp with Brown's assistance, had told the witness, after Copp purchased the cow, but before he sold her, that the cow was not well, and that she had passed bloody urine ever since she calved in the preceding spring. To its admission the defendants objected, for that what Brown had said to third parties could have had no effect upon the sale in question. But the objection was overruled, and the testimony admitted; to which the defendants excepted.

After verdict for the plaintiff, the defendants moved for a new trial, for that there was no evidence tending to show a cause of action, and that the verdict was against the weight of evidence; and also in arrest, for the insufficiency of the declaration. But both motions were overruled; to which the defendants excepted. Judgment for the plaintiff.

3

*J. O. Livingston* (*J. A. Wing* with him), for the defendants, cited *Gaunce* v. *Backhouse*, 37 Pa. 350.

*F. V. Randall* (*Heath & Carleton* with him), for the plaintiff.

The opinion of the court was delivered by

Ross, J.   I.   It was an essential part of the plaintiff's case, to establish that at the time defendant Brown recommended the cow to him, Brown knew of her diseased condition. Without showing that Brown was possessed of such knowledge, his claim that Brown's recommendation was fraudulent would fail. The testimony of Tewksbury, to the admission of which the defendant excepted, tended to establish that Brown was fully aware of the diseased and worthless condition of the cow at the time he recommended her to the plaintiff, and advised him to make the purchase. It was clearly admissible to show that Brown was possessed of such knowledge.

II.   After verdict, every presumption is to be made in favor of the sufficiency of the pleadings. *Lincoln* v. *Blanchard*, 17 Vt. 464.   All averments on the side of the successful party that were involved in the issue tried, will be taken to have been duly proved or admitted, unless something is placed upon the record to show the contrary. *Gates* v. *Bowker*, 18 Vt. 23. The declaration may have been had on demurrer and still sufficient to sustain a verdict on a motion in arrest. The declaration in the case at bar avers a conspiracy between the defendants to cheat and swindle the plaintiff, and that the same was effected, and also that they defrauded him in the purchase of the cow by false and fraudulent representations. Either of these averments, established by testimony received without exception, would be sufficient to uphold the verdict on a motion in arrest. No such defect in the declaration has been called to our attention as would render it bad on general demurrer, much less on motion in arrest. The County Court properly overruled the motion.

III.   The motion for a new trial, because the verdict was against the weight of the evidence and wholly unsupported by the

evidence, was addressed to the discretion of the County Court, and is not revisable in this court upon exceptions.

Judgment affirmed.