## SALMON STEARN *v.* E. L. CLIFFORD.

*False representations; previous conduct of plaintiff as showing that he did not rely thereon: Motion to set aside verdict, and for judgment* non obstante veredicto.

1. In an action for false and fraudulent representations in procuring credit, it may be shown that the plaintiff had previously made loans to the defendant in similar amounts, that such loans had been promptly paid, and that the plaintiff was not aware of any change in the financial condition of the defendant, as tending to show that the credit was not extended upon the faith of the alleged misrepresentations.

2. The general reputation of the defendant as to solvency would be admissible for the same purpose, if known to the plaintiff.

3. The claim of the plaintiff being that the defendant was insolvent when he made the representations in suit, the defendant might go into his financial history. To what extent rested largely with the trial court, and it does not appear that that discretion was abused in this case.

4. Plaintiff claimed that the defendant procured the articles in suit, Dec. 7, 1887, with the intent of never paying for them ; and proved that he filed a petition in insolvency, Feb. 2d, 1888, and that the January before he had paid his uncle $275, and his father-in-law $415. To rebut the presumption that he made these payments in fraud of his other creditors, *held*, that defendant might testify that he began his insolvency proceedings to dissolve an attachment which this same uncle had taken out against him.

5. A motion to set aside a verdict as against the evidence is addressed to the discretion of the trial court, and the action of that court is not revisable on exceptions.

6. A motion for judgment *non obstante veredicto* reaches nothing *dehors* the record. When such a motion is based upon the " undisputed evidence in the case," that evidence must appear in the record.

Trover for a fur coat of the value of twenty dollars and a check for the amount of seventy-seven dollars. Plea, the general issue ; trial by court at the December Term, 1888, Caledonia County, TYLER, J., presiding. Verdict for defendant. Exceptions by plaintiff.

The plaintiff claimed that the defendant procured the property in question through false and fraudulent representations as to his financial ability and without ever intending to pay for it.

His testimony tended to show that on the 7th of December, 1887, the defendant came into his store in Lyndonville, picked out the coat and said he would take it provided the plaintiff would loan him money enough to make up one hundred dollars. The plaintiff finally consented to do this, and defendant proposed to give him a note on six months and secure it by chattel mortgage. Thereupon the plaintiff inquired of the defendant if he still lived with his father. The defendant answered, no ; that he had bought a good farm in St. Johnsbury, cheap, and paid for it, and owned a good stock on it. The plaintiff claimed that upon the strength of these representations he let the defendant have the property without taking the chattel mortgage; that such representations were utterly false ; that the defendant was then insolvent, and filed a petition in insolvency on the second of February next.

The defendant maintained that the talk about the farm and stock was only incidental; not made for the purpose of inducing, nor, in fact, relied upon by the plaintiff in the transaction. For the purpose of showing that the plaintiff did not rely upon the representations, the defendant was permitted to show by the cross-examination of the plaintiff and by his own testimony, that during the three years next preceding the date in question, he had several times obtained credit at the plaintiff's store, and had, on one occasion borrowed $25, and on another $50 of the plaintiff without giving him security ; and that these sums had all been paid. The defendant was also permitted to inquire of the plaintiff what the general reputation of the defendant as to solvency was December 7th, 1887, to which the plaintiff replied that he did not know.

The defendant owed debts amounting to about $3,000 at the time of the making of the representations in question, and was really insolvent. The St. Johnsbury farm had been paid for by his father-in-law, and the title stood in his wife. The amount and character of these debts continued substantially the same to the filing of the petition in insolvency, except that in January, 1888, he had paid to his uncle $275 and to his father-in-

law, $415. The plaintiff was permitted to show the fact of these latter payments as tending to prove that the defendant intended to prefer them in fraud of his other creditors. In reply to that claim the defendant was allowed, against the exception of the plaintiff, to testify that in the latter part of January, 1888, his uncle had sued him for the balance due, and attached all his property, and that the insolvency proceedings were begun to dissolve that attachment.

After verdict and before judgment the plaintiff moved to set aside the verdict as against the evidence, and as against the law; and also moved for judgment in his favor, notwithstanding the verdict, "upon the undisputed evidence in the case." No evidence was set out in the record, but the bill of exceptions referred to the reporter's transcript of the testimony of the plaintiff and defendant as to the alleged false representations, they being the only witnesses thereto. The court overruled both motions, and gave judgment for the defendant.

*Geo. W. Cahoon* and *Bates & May*, for the plaintiff.

Evidence as to the former loans by the plaintiff to the defendant should have been rejected. At most it only tended to show a habit or custom on the part of the plaintiff, which is not admissible to show what he did, or why he did it, on a particular occasion. 1 Greenl. Ev. ss. 50, 52; *Chase* v. *Maine C. R. R.*, 77 Me. 62; *Eaton* v. *Telegraph Co.*, 68 Me. 63; *Gahagan* v. *B. & L. R. R. Co.*, 83 Mass. 187; 1 Allen, 187; *Tenney* v. *Tuttle*, 88 Mass. 185; 1 Allen, 185; *Bryant* v. *C. Vt. R. R. Co.*, 56 Vt. 710; *Rowe* v. *Bird*, 48 Vt. 578; *Keith* v. *Taylor*, 3 Vt. 153.

*Ide & Stafford*, for the defendant.

There was no legal error in permitting the plaintiff to be asked what the reputation of the defendant was for solvency. Granting that the question was inadmissible, his answer that he did not know, was harmless. *Carpenter* v. *Corinth*, 58 Vt. 214.

Stearn *v.* Clifford.

The plaintiff can take nothing by his motion for a judgment, *non obstante.*

1st. A party claiming a verdict on the evidence, must move for it before the case is submitted to the jury. *Briggs* v. *Burton,* 44 Vt. 124; *Blanchard* v. *Manahan,* 44 Vt. 246.

2d. Such a motion is founded upon the record alone, and can never extend beyond that. No evidence is recited in this record. *Cobb* v. *Cowdry,* 40 Vt. 27; *Snow* v. *Conant,* 8 Vt. 301.

The motion to set aside the verdict was addressed to the discretion of the trial court, and cannot be revised here. *Newton* v. *Brown,* 49 Vt. 16.

The opinion of the court was delivered by

ROWELL, J. It was competent to show that before the making of the alleged fraudulent representations by the defendant, the plaintiff had loaned him money without security and without inquiry as to his financial condition and credit, and that the loans were promptly paid, and that at the time in question plaintiff was not aware of any change in defendant's financial ability, as tending to show that plaintiff did not rely upon said representations in giving the credit here involved, but relied on his knowledge and estimate of defendant's worthiness of credit as derived from his experience in dealing with him in this behalf.

Defendant's general reputation as to solvency, if known to plaintiff, would have been admissible for the same purpose. But, as it was not known to plaintiff, the question put to him about it goes for nothing.

Plaintiff had given evidence tending to show that defendant was insolvent when he made said representations and that he knew it. It was competent, therefore, for the defendant to go into that subject, and in doing so, to go back a reasonable time in his financial history, but how far he should go back rested largely in the discretion of the trial court, and we cannot say that that discretion was transcended.

One ground on which plaintiff sought to recover was, that defendant procured the property sued for with preconceived design

Stearn *v.* Clifford.

of not paying for it. As tending to show this, among other things, he showed that defendant petitioned himself into insolvency on February 2, 1888, and drew from defendant, on cross-examination, the amount and character of his indebtedness at the time of filing his petition, and especially that he owed his uncle a debt on which he paid $100 the August before, and a horse at $175, and $90 in money, the first of January before, and owed his father-in-law, as administrator, a debt on which he had paid $415. The fact of his going into insolvency so soon after these payments, afforded ground for inference that he intended to prefer his uncle and father-in-law to his other creditors, and that he procured the property with the design claimed. Therefore, as tending to rebut this inference, it was competent for the defendant, on re-examination, to explain that he went into insolvency, not for the purpose claimed, but to dissolve his uncle's attachment and compel an equal distribution of his property among his creditors.

As to the motion to set aside the verdict, it is sufficient to say that as far as it was based upon the ground that the verdict was against evidence, it was addressed to the discretion of the trial court, and its action thereon is not revisable on exceptions. *Newton* v. *Brown*, 49 Vt. 16. And as to the verdict being against law, it does not appear that it was. The motion for a judgment *non obstante* " on the undisputed evidence in the case," was properly overruled. The " undisputed evidence " did not appear of record, and that was a sufficient answer to the motion ; for such a motion is based upon the record, and reaches nothing *dehors* it. *Snow* v. *Conant*, 81 Vt. 301.

*Judgment affirmed.*