### SUSAN B. SOWLES *vs.* ANTHONY CARR.

January Term, 1897.

Present: Ross, C. J., TAFT, ROWELL, TYLER and START, JJ.

*Ejectment—Surrender—Burden of Proof—Presumption of Continuance— Evidence.*

In ejectment, the burden is on the plaintiff to prove the defendant in possession when the action was brought; but where he is shown in possession under a perpetual lease at an earlier date, the presumption of continuance arises, and if he claims to have surrendered possession to the plaintiff, it is for him to prove it.

To make out the surrender, he must show an acceptance by the plaintiff.

A witness for the plaintiff having produced a memorandum which he claimed to have made at the time of the occurence, it was proper for the defendant to show that at a former trial he had produced a different paper as the original, and to show what it contained.

A motion to set aside a verdict as against the weight of evidence is addressed to the discretion of the trial court, whose decision thereon is not revisable here.

EJECTMENT to recover the possession and rent of premises leased to the defendant. Plea, not guilty and . disclaimer. Trial by jury at the September Term, 1895, Franklin County, *Munson*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

Albert Sowles, a witness for the plaintiff, having produced a memorandum which he claimed to have made at the time of the occurrence, Mr. Arthur, a witness for the defendant, was allowed to testify that at a former trial Mr. Sowles had produced a different paper as the original memorandum and to describe it and state its contents.

*E. A. Sowles* for the plaintiff.

*C. G. Austin* for the defendant.

ROWELL, J. The plaintiff could not recover without showing that the defendant was in possession when suit was brought, which was in June, 1894. It appeared that on February 1, 1883, the defendant took a -perpetual lease of the demanded premises and then went into possession thereunder, and .remained in possession and actual occupancy until the fall of 1893; but he claimed, and the testimony on his part tended to show, that between that time and the commencement of the suit, he surrendered possession to the plaintiff with her consent, and that she accepted and received possession at his hands, which she denied.

The court correctly charged that the defendant could not rid himself of possession by abandoning the premises without acceptance of possession by the plaintiff and

that the burden was on the plaintiff to show that the defendant was in possession when the suit was brought; but it erroneously charged that this covered the point that there had been no surrender of possession, and that the burden was on the plaintiff to show that there had not been, for it contravened the rule in respect to the presumption of the continuance of existing conditions. Mr. Wharton says that when a party establishes a judicial relation not in itself so limited in time as to have terminated at the period of litigation, it is not necessary for him to prove the continuance of the relation, but that the burden is on the other party to prove that it has terminated. II Whart. Ev. § 1284.

There are many cases illustrative of this rule. Thus, I prove that a debt was due to me a year ago; the burden is on the debtor to show that it is paid or otherwise discharged. *Farr* v. *Payne*, 40 Vt. 615. Where the defendants relied on the statute of limitations, the plaintiff proved that they resided out of the State when the cause of action accrued; held, that it must be presumed that they continued thus to reside, and that the burden was on them to show that they did not. *Rixford* v. *Miller*, 49 Vt. 319.

The fact that a man was a professional gambler twenty months ago, is presumptive evidence that he is such now. *McMahon* v. *Harrison*, 6 N. Y. 443.

So when possession is admitted or proved, whether of real or personal property, we may infer as a presumption of fact, for the purpose of determining where the burden of proof lies, that the possession is continuous. II Whart. Ev. § 1286. Thus, A was in actual possession of land in March, claiming title. It will be presumed that he was in such possession in May following, when ejectment was brought against him, unless he shows that he had abandoned possession. *Chilson* v. *Buttolph*, 12 Vt. 231. So if the seisin of a party is proved, the presumption is that it continues, and the burden is on him who alleges a disseisin;

and that burden does not shift, but remains upon him, even after he has given *prima facia* evidence of a disseisin. *Brown* v. *King*, 5 Met. 173. So occupancy under a disseisor will, in the absence of evidence to the contrary, be presumed to continue under his heirs. *Currier* v. *Gale*, 9 Allen 522. And see cases collected in a note on this subject, 12 L. R. A. 620.

The plaintiff excepted to the refusal of the court to charge as requested concerning the right of the defendant to surrender. But we think those requests were sufficiently complied with when the court told the jury that there could be no surrender without the consent and acceptance of the plaintiff. With such consent and acceptance, there certainly could be a surrender of possession that would defeat this action.

The testimony of Mr. Austin was admissible, as it was in rebuttal of material testimony given by Mr. Sowles.

The motion to set aside the verdict as against the weight of evidence was addressed to the discretion of the trial court, and therefore its decision overruling it is not revisable here. *Newton* v. *Brown*, 49 Vt. 16; *Stearn* v. *Clifford*, 62 Vt. 92.

*Reversed and remanded.*