H. L. AVERILL *vs.* EUGENE ROBINSON.

October Term, 1897.

Present: ROSS, C. J., ROWELL, TYLER, START and THOMPSON, JJ.

The county court has discretionary power to set aside a verdict as against the weight of evidence.

GENERAL AND SPECIAL ASSUMPSIT. Trial by jury at the September Term, 1896, Washington County, *Taft*, J., presiding. Verdict for the plaintiff. The defendant moved to set aside the verdict as against the weight of evidence and contrary to the instructions. The court were of the opinion that the jury either misunderstood the instructions or disregarded them, and set aside the verdict. No evidence was introduced in support of the motion. The plaintiff excepted.

*W. W. LaPoint* and *John W. Gordon* for the plaintiff.

*Walter E. Barney* for the defendant.

TYLER, J. There was only one question for the jury—whether the defendant gave the plaintiff a written notice of the cancellation of a certain contract—and this question the court submitted to them with proper instructions. A verdict was returned for the plaintiff, whereupon the defendant moved to set it aside upon the grounds that it was contrary to and unsupported by the evidence; that it was against the weight of the evidence; that it was manifestly wrong and unwarranted and contrary to the instructions. The court granted the motion, set the verdict aside and expressed the opinion that the jury had either misunderstood the instructions or disregarded them. This must be construed as equivalent to saying that the verdict was against the weight of the evidence; that if the jury had decided the case by the rule of the preponderance of the

evidence, as given them in the instructions, the verdict would have been for the defendant.

While this discretionary power to set aside a verdict and grant a new trial will not be exercised arbitrarily, it is a power incident to all courts which are not controlled by statutes but act in accordance with the principles of the common law. Thompson on Trials, § 2709; 16 Am. & Eng. Enc. of Law 503; *Bartholomew* v. *Clark*, 1 Conn. 472; *Zaleski* v. *Clark*, 45 Conn. 397; *Newton* v. *Brown*, 49 Vt. 16.

*Judgment affirmed and cause remanded.*