SUSAN B. SOWLES *vs.* ANTHONY CARR.

May Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, and THOMPSON, JJ.

*Ejectment—Agency—Estoppel.*

One who has purchased but not received a conveyance of real estate may nevertheless be bound by the acts of his agent in negotiating with the tenant in possession for a surrender of the premises, the agent representing that his principal is the owner and the tenant knowing no better; and the conveyance when completed relates back to the date of the purchase so far as concerns the rights of the tenant under the negotiations.

EJECTMENT. Pleas, not guilty and a disclaimer. Trial by jury at the September Term, 1897, Franklin County, *Start,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*E. O. Sowles* for the plaintiff.

*C. G. Austin* for the defendant.

Ross, C. J.  (1)  This is an action of ejectment.  To maintain it the plaintiff must establish that she was entitled to the possession of the demanded premises, and that the defendant was wrongfully in possession thereof, at the time the action was commenced.  The only fact controverted was whether the defendant was in possession when the action was commenced.  He had been in possession, but claimed that he had surrendered possession to the plaintiff, and that she had accepted the surrender before she commenced this action.  By possession under the lease he had an interest in real estate which could not be conveyed except by an instrument in writing.  But that question is not involved in the decision of the case.  He could, with the plaintiff's consent, withdraw from the possession of the premises, so as to defeat her right to maintain ejectment against him.  Having once entered into possession under the lease, he could not abandon such possession without her consent and acceptance.  As held when this case was before this court, as found in 69 Vt. 414, "There could be no surrender without the consent and acceptance of the plaintiff.  With such consent and acceptance there certainly could be a surrender of possession that would defeat this action."  The surrender and acceptance there spoken of was one in fact, verbally agreed to and acted upon.  By such surrender in fact, by the defendant, consented to and accepted by the plaintiff, the plaintiff would estop herself from thereafter claiming that the defendant was still in possession under his lease, and defeat her right to maintain ejectment.  At the close of the evidence the plaintiff moved that the court direct a verdict in her favor because, she contended, there was no testimony tending to establish that she accepted such surrender by the defendant.  But, on carefully reading and considering the testimony, we think, the testimony of.

632 SOWLES v. CARR. [70

the defendant, of Sortwell, and of other witnesses, in regard to the acts of the plaintiff's agent, fairly tended to show such surrender by the defendant, and acceptance by the plaintiff, after she became entitled to the premises and before she commenced this action.

(2) She also contends that the court, to her prejudice, admitted testimony in regard to the doings of her agent with the defendant before she received conveyance of the premises on May 29, 1894. But her contract for the place with the receiver of the bank was made the summer before. It needed the approval of the court and of the comptroller of currency. While awaiting these, the evidence tended to show that her agent informed the defendant, who did not know to the contrary, that she had purchased the premises, and commenced negotiating with him about the payment of the rent, and surrendering possession. When the contract was approved the plaintiff's interest in the premises dated from the time of her purchase, and not from the date of the conveyance by the receiver to her; at least the defendant, on the representations of her agent, had the right so to regard it. This renders this testimony admissible. By the charge of the court the defendant was required to establish that he surrendered the possession, with her consent, and that she accepted it after her purchase of the premises and before this suit was commenced. There was no error in the admission of this testimony and the use which the court allowed the jury to make of it. She further contends that the court erroneously admitted proof of declarations of her agent made after the action was commenced. This evidence was not received as proof of the facts declared by the agent, but to discredit the agent, who was a witness for the plaintiff and denied making the declarations inconsistent with his testimony. Proof of his declarations were properly admitted for this purpose. The court in its charge clearly pointed out to the jury that such was the only use they could make of this class of testimony.

The testimony did not show a sale of a part of the premises for taxes, and the court properly declined to comply with the plaintiff's fifth request to charge.

*Judgment affirmed.*