CHARLES KRAUSS & another *vs.* ELIJAH COPE.

Hampden. September 24, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Practice, Civil,* Discretion of presiding judge.

No exception lies to a refusal of a presiding judge to allow an auditor's report which has been read to the jury to be taken to the jury room, this being a matter within the discretion of the presiding judge.

TORT to recover the value of certain personal property which was attached by the defendant, a deputy sheriff, on a writ against a third party. Writ dated January 22, 1897.

At the trial in the Superior Court, before *Lawton*, J., the defendant read the report of an auditor, to whom the case had been referred, accepted it in whole, and introduced in support of it the same witnesses who had testified before the auditor. The defendant requested that the auditor's report be taken by the jury upon retiring to deliberate. The plaintiffs objected and the judge refused the request.

The jury found for the plaintiffs in the sum of $80.25; and the defendant alleged exceptions.

*D. E. Leary & E. W. Beattie, Jr.,* for the defendant.

*R. A. Knight & E. H. Brewster,* for the plaintiffs.

·BARKER, J. The general rule is that all papers which are duly admitted in evidence should go to the jury; but it is in the discretion of the judge to give or withhold them, and his decision upon the question is not a subject of exception. *Whithead* v. *Keyes*, 3 Allen, 495. *Burghardt* v. *Van Deusen*, 4 Allen, 374. *Farnum* v. *Pitcher*, 151 Mass. 470, 476. While auditors' reports are made evidence by statute, and while it is the usual

practice to allow them to go to the jury room, the statute pre-scribes no rule as to whether they shall be taken to the jury room, and if in the discretion of the presiding judge, an audit-or's report is not allowed to be taken by the jury when they retire to consider of their verdict, no exception lies to the refusal.

*Exceptions overruled.*