GLEN TEMPLE ET UX. *v.* GEORGE H. ATWOOD.

May Term, 1926.

Present:   POWERS, SLACK, BUTLER, and FISH, JJ., and MOULTON, Supr. J.

Opinon filed October 6, 1926.

*New Trial—Discretion of Court—Presumption as to Ground on Which Verdict Set Aside.*

1.   Motion to set aside verdict as contrary to and against the weight of evidence is addressed to trial court's discretion, whose action thereon, is not reviewable unless it appears that it withheld or abused its discretion.

2.   Where motion to set aside verdict was on grounds that it was contrary to and against the weight of evidence and was contrary to law laid down by court, the contrary not appearing, it will be presumed that trial court set verdict aside on first ground, which was addressed to its discretion.

3.   Record *held* not to show abuse of discretion by trial court in granting defendant's motion to set verdict aside.

ACTION OF CONTRACT to recover for board and care of defendant's father. Plea, general issue. Trial by jury at the December Term, 1925, Bennington County, *Chase,* J., presiding. Verdict for plaintiffs. To the granting of defendant's motion to set verdict aside, the plaintiffs excepted. *Affirmed.*

*Holden & Healy* for the plaintiffs.

*Chas. A. Maurer* for the defendant.

SLACK, J.   This is an action of contract to recover for board and care of defendant's father during the last four or five years of the latter's life, and for money advanced by plaintiffs to defray, in part, the expense incident to his funeral and burial. No answer was filed, but the case proceeded as though standing on the general issue, and the plaintiffs had a verdict. They later filed a motion for a judgment on the verdict, and the defendant filed a motion to set the verdict aside. The former motion was

denied; the latter was granted. The plaintiffs excepted to the action of the court respecting each motion.

These motions present but a single question, namely, did the court err in setting aside the verdict, since it logically follows that if it did not, plaintiffs' motion was properly denied; if it did, plaintiffs' motion should have been granted.

[1, 2]  The grounds of defendant's motion, in substance and effect, are that the verdict was contrary to and against the weight of the evidence and was contrary to the law laid down by the court. The first ground of the motion was addressed to the discretion of the trial court, and its action thereon is not reviewable, unless it appears that it withheld or abused its discretion. *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232; *Barrette* v. *Carr et al.,* 75 Vt. 425, 56 Atl. 93; *Averill* v. *Robinson,* 70 Vt. 161, 40 Atl. 49; *Sowles* v. *Carr,* 69 Vt. 414, 38 Atl. 77; *Stearn* v. *Clifford,* 62 Vt. 92, 18 Atl. 1045; *Newton* v. *Brown,* 49 Vt. 16. The other ground of the motion stands differently (See *French* v. *Wheldon, supra,* and *Whitman* v. *Dailey et al.,* 95 Vt. 454, 115 Atl. 559); but we need not inquire concerning its effect, since, the contrary not appearing, it will be presumed that the motion was granted on the first ground. *Parkhurst* v. *Healy's Estate,* 97 Vt. 295, 122 Atl. 895; *State* v. *Long,* 95 Vt. 485, 115 Atl. 734; *State* v. *Felch,* 92 Vt. 477, 105 Atl. 23; *Slack* v. *Bragg,* 83 Vt. 404, 76 Atl. 148. So the only question before us is whether the court abused its discretion in granting the motion.

[3]  The plaintiffs stoutly maintain that it did, because they say that the evidence was at least "equiponderant in effect," to quote from *Strode* v. *Strode,* 194 Ky. 665, 240 S. W. 368, 27 A. L. R. 313, a case largely relied upon by them. That the court below did not take that view of the evidence is apparent from its action in setting aside the verdict. Regardless of what this Court, or some other court, might have done in the circumstances, the record does not show that the discretion of that court was exercised on grounds, or for reasons, clearly untenable, or to an extent clearly unreasonable, which is the recognized test in this State. See *Dyer* v. *Lalor,* 94 Vt. 103, 116, 109 Atl. 30; *New England Box Co.* v. *Tibbetts et al.,* 94 Vt. 285, 290, 110 Atl. 434; *Schlitz* v. *Mutual Fire Ins. Co.,* 96 Vt. 337, 342, 119 Atl. 513; *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 130 Atl. 758, 790.

It may be that the item for money advanced for funeral and burial expenses stands differently under this motion than the

item for board and care, but, since these items were treated below by both court and counsel as standing alike, we so treat them.

*Judgment affirmed.*