TWIN STATE FRUIT CORPORATION *v.* THOMAS KANSAS.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

*Elias F. Haddad* and *George M. Goddard* for the defendant.

*Novak, Bloomer & Spero* for the plaintiff.

.MOULTON, J. This is an action in tort for deceit. The plea was the general issue. After trial by jury and verdict for the plaintiff, the defendant moved to set the verdict aside, the grounds of the motion now relied upon being that the verdict is not supported by the evidence and is contrary to law. The motion was overruled, and the defendant excepted. This is the only exception presented by the record.

The plaintiff is a corporation, doing a wholesale fruit business, situated at White River Junction. Nick Pantas, doing business as the ''Rutland Produce Company,'' and Louis Pantas, doing business as ''Fruitland,'' were retail fruit merchants in Rutland. John Pantas was the manager of the former concern. The plaintiff's evidence tended to show that the defendant came to its place of business with a truck, and represented to Marchetti, its manager, that he was the Rutland Produce Company, and desired to purchase some fruit. He produced some receipted invoices to the Rutland Produce Company from various concerns in other places, and stated that his credit was good with them, that he was getting ten days' credit, that he would send a check in payment for his purchase in two or three days, that his concern did a very nice business, that he was paying his bills to the wholesalers in ten days' time, and that Fruitland was also his place of business. The plaintiff had never before done business with the Rutland Produce Company, and was not anxious to make the sale on credit, but relied upon the representations and furnished the merchandise. In truth the defendant was not interested in the Rutland Produce Company, save as an employee, and he had no connection whatever with Fruitland. The Rutland Produce Company went into bankruptcy within a short time after the transaction, and the plaintiff has not been paid. Marchetti supposed that the defendant was John Pantas. He had no previous acquaintance with either the defendant or Pantas. The account was carried upon plaintiff's books as with John Pantas.

The only points, briefed by the defendant are that there was no evidence that he represented himself to be the owner of the Rutland Produce Company, or John Pantas; and that evidence showed that the plaintiff knew that John Pantas was the manager of the Rutland Produce Company, and that the defendant was not Pantas, and consequently did not rely upon the statements of the defendant.

There was, indeed, no evidence that the defendant said that his name was John Pantas. It does not appear to be disputed that Marchetti knew that John Pantas was the manager of the Rutland Produce Company, and the defendant's claim that he knew also that the defendant was not Pantas is based upon certain testimony that, sometime before the transaction, John Pantas called him on the telephone, gave his name, and talked

with him concerning prices for fruit of various kinds; and that the voice of the person so speaking on the telephone was unlike the voice of the defendant.

■ ■ The question raised by the motion to set aside the verdict upon the ground that it is unsupported by evidence is the same in nature and substance as a motion for a verdict, and, if there was some evidence tending to support or justify it, it was for the jury to construe and weigh. *Paska* v. *Saunders,* 103 Vt. 204, 153 Atl. 451, 456, and cases cited. The effect of modifying evidence is to be excluded. *Ste. Marie* v. *Wells,* 93 Vt. 398, 399, 108 Atl. 270; *State* v. *Pierce,* 103 Vt. 383, 154 Atl. 675, 677.

■ ■ The defendant's representation that he was the Rutland Produce Company, which the plaintiff's evidence tended to show, was calculated to convey the impression that he was the owner of that concern, and might well be construed to have that meaning. Both Marchetti and the jury would be justified in so understanding it. The production of the invoices corroborated the statement. The fact that a person who said that his name was John Pantas, and who was obviously someone other than the defendant, previously had talked with Marchetti over the telephone, did not as a matter of law deprive the latter of the right to believe the representations of the defendant. The voice may have been the voice of Jacob, but the hand was the hand of Esau.

True it is, that Marchetti might, by making inquiry, have discovered the truth. But, under the circumstances, he was entitled to rely upon what was said to him, and was not required to investigate. *Ste. Marie* v. *Wells, supra,* 93 Vt. page 404, 108 Atl. 270, and cases cited. "The law will afford relief even to the simple and credulous who have been duped by art and falsehood." *Kendall* v. *Wilson,* 41 Vt. 567, 571.

■ Therefore it cannot be said that the verdict was without supporting evidence upon the issues as to which complaint is made. Neither was it contrary to law, for the representations by the defendant were concerning his alleged ownership of specific property. *Childs* v. *Merrill,* 63 Vt. 463, 473, 22 Atl. 626, 14 L. R. A. 264.

All questions briefed have been considered, and no error appears.

*Judgment affirmed.*