HERBERT G. BARBER, ADMR. *v.* HENRY C. STRATTON.

November Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1940.

*Herbert G. Barber, pro se,* and *Carl Strand* for the plaintiff.

*Neil D. Clawson* and *Edward C. Barry* for the defendant.

MOULTON, C. J. Charles Stratton died testate on March 16, 1916. By his will his wife, Lucy, took the use and income of all

his property during her life time, and the right to dispose of it for her own use, if necessary, with remainder, as to the real estate, in his two sons, of whom the defendant Henry was one. Henry was named executor, and letters testamentary were issued to him on May 16. The real estate consisted of two farms, known as the ''Ranney Farm'' and the ''Farwell Farm,'' respectively, and upon his father's death Henry took possession of them and occupied and carried them on until his mother's death on March 19, 1933. He filed an executor's account on February 7, 1923, and his final account on April 7, 1933. Hearing on each account was continued from time to time and both were finally considered together and allowed in part by the Probate Court on November 4, 1937.

This action is brought by the administrator of Lucy's estate to recover from Henry what is claimed to be the fair rental value of the two farms for the period of his occupancy of them from 1922 until the time of his mother's death. The defense is that he occupied under an agreement with her whereby he should have the use and profits of the farms in consideration of payment by him of the taxes and insurance, and the furnishing of support to her as long as she lived, which agreement he carried out. There was a trial by jury with verdict for the defendant. The plaintiff moved to set aside the verdict, but the motion was denied, subject to his exceptions, and judgment was entered for the defendant, to which an exception was also taken.

The first ground of the motion is that the verdict is contrary to the evidence. This ground is addressed to the discretion of the trial court, and its action thereon is not reviewable, unless it is made to appear that such discretion was abused or withheld. *Butler* v. *Favreau*, 105 Vt. 382, 383, 166 Atl. 1; *Paska* v. *Saunders*, 103 Vt. 204, 217, 153 Atl. 451; *Daniels* v. *Preston*, 102 Vt. 337, 339, 148 Atl. 285; *Temple* v. *Atwood*, 99 Vt. 434, 435, 134 Atl. 591; *Wellman, Admr.* v. *Wales*, 97 Vt. 245, 249, 122 Atl. 659. The second ground is that the verdict is not supported by the evidence, and in this respect the motion is the same in nature and substance as a motion for a directed verdict, and raises the question whether, taking the evidence in the most favorable light for the prevailing party and excluding the effect of modifying evidence, there is evidence fairly and reasonably tending to support or justify the verdict. *Twin State Fruit Corporation* v. *Kansas,*

104 Vt. 154, 157, 157 Atl. 831; *State* v. *Pierce,* 103 Vt. 383, 386, 154 Atl. 675; *Paska* v. *Saunders, supra,* p. 216; *Shields et al.* v. *Vt. Mut. Fire Ins. Co.,* 102 Vt. 224, 255, 147 Atl. 352; *Farnham and Sons, Inc.* v. *Wark,* 99 Vt. 446, 451, 134 Atl. 603; *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 160, 130 Atl. 758. These two grounds may be considered together.

The parties agree in the theory that some sort of a contractual relationship existed between the defendant and his mother. There is no claim that the former occupied the farm as executor of his father's estate and was liable to account to the estate for the rents and profits of the two farms. The only question raised is whether the contract was as the plaintiff claimed it to have been, an implied agreement to pay a reasonable and fair rent to the life tenant, or, as the defendant insisted, an express agreement that he might occupy the property in consideration of the payment of the taxes and insurance and the support of his mother. This was the issue submitted to the jury.

The plaintiff's case hinges upon several exhibits, which he insists were sufficient evidence to entitle him to recover. There are certain records of the Probate Court, particularly the accounts filed by the defendant as executor of his father's estate and the finding of facts by the Probate Court after hearing thereon. Beyond these, the plaintiff's evidence was chiefly directed to the rental value of the property.

In his first account, the defendant credited himself with payments for insurance, taxes, repairs, seed, installing telephone and support of the widow and cash for her use. The final account contained items of payment for insurance, taxes, repairs, cleaning the meadow after a flood, and support, medical care and nursing for the widow. In the findings of the Probate Court, it is stated that "except for an understanding with the widow acting as a life user under the will there has been no reason why the account of the executor could not have been filed for allowance at the end of one year from proof of the will"; that "all essential matters of the decedent estate were fully administered within one year from the allowance of the will"; that "the widow went into the use and control of the real estate and operated and used the same by and through some engagement, satisfactory to her, with her son, Henry"; and that "all items of expense and income appearing from the report of the Executor filed Feb. 7, 1923 and

April 7, 1933 which pertain to the upkeep and operation of the property are purely incidental to the use thereof by the widow, and are matters of account between her and her son, Henry, under the agreement of arrangement between them. All such items are hereby excluded from this accounting as being not matters to be accounted for by the Executor of the will of Charles H. Stratton.''

It is insisted by the plaintiff that the foregoing exhibits show conclusively that the defendant understood that he was carrying on the farms under such terms and conditions that he was to pay a reasonable rental, and that he kept an itemized debit and credit account with his mother, the life tenant. But, on the other hand, Herbert Burnap, grandson of Lucy Stratton, and only co-heir with the defendant to her estate, who was a principal witness for the plaintiff, and for whose benefit the action was being prosecuted, testified upon cross examination that, in the spring of 1922, he heard a conversation between the defendant and the latter's mother wherein the defendant said that he would board her, and pay the taxes and insurance for the use of the farms; and that she said that she would accept the offer. Aubrey Stratton, the defendant's son, testified that, in 1922, his grandmother told him that his father was to furnish her with wood, food, clothes, spending money and pay taxes and insurance, and, in return, was to have the use of the farms as long as she lived. On subsequent occasions she told him that she was getting along nicely and that everything was satisfactory. The defendant's daughter, Esther Stratton Weinstein, gave substantially the same testimony, although she could not tell the time of her conversation with her grandmother, otherwise than that it was before 1925. There was also evidence that the defendant furnished his mother with food, clothing, wood and medical attendance. It is not denied that he paid the insurance and taxes.

Thus it appears that there was evidence fairly and reasonably tending to support the verdict; and further, no abuse of discretion in denying the motion is shown. There was no error in the ruling upon the first two grounds of the motion.

Another ground of the motion is that the court permitted the jury to take the exhibits in the case with them to the jury room without the knowledge or consent of the plaintiff. It is contended that some of the exhibits had been admitted only for a limited

purpose, and that he was, by reason of his lack of knowledge, prevented from requesting a charge concerning the use to which they were to be put. He alleges that he was first informed of what had been done when the jury returned into court and asked for further instructions.

It is proper to permit the jury to take the exhibits in a case with them to the juryroom, (*Hale* v. *Rich*, 48 Vt. 217, 224, 225; *Wood* v. *Willard*, 36 Vt. 82, 91, 84 Am. Dec. 659) and the giving of such permission is discretionary with the trial court. *Williams Mfg. Co.* v. *Ins. Co. of North America*, 93 Vt. 161, 181, 106 Atl. 657; *Krauss* v. *Cope*, 180 Mass. 22, 61 N. E. 220. Whether, in this instance, the court should have given an instruction concerning the bearing of the exhibits upon the issues need not be considered. Upon discovering that they were in the possession of the jury the plaintiff's counsel had the opportunity of requesting such instructions as he thought proper, but he did not do so. He made no objection and took no exception to what had been done. The question cannot be raised by a motion to set aside the verdict. *State* v. *Foss*, 100 Vt. 32, 35, 134 Atl. 636. The motion comes as an afterthought and is an attempt to take advantage, in this manner, of a question of which the plaintiff neglected to avail himself on trial, and one which the court, had its attention been called to the claimed omission at the time, would undoubtedly have corrected. ''It would be extremely unfair to the court and to the opposing party to permit an attorney to allow a trial to proceed to an adverse conclusion, and then have a retrial because the court had failed to charge upon some point which the attorney had permitted to be passed unnoticed. Such is not the rule of practice, nor should it be.'' *Dailey* v. *Bond*, 94 Vt. 303, 304, 305, 111 Atl. 394, 395.

The last ground of the motion is that the jury misinterpreted the charge of the court. The proof of this is said to be that, when the jury returned into court, they asked to have read to them certain testimony which is claimed to have been immaterial. But here again the plaintiff's counsel was present, made no objection, took no exception, and requested no qualifying instruction regarding the testimony. For the reasons heretofore stated this ground is of no avail.

The plaintiff briefs an exception to the admission in evidence of an account book kept by the defendant containing,

among other things, a list of the supplies furnished to his mother. This book had been exhibited to the plaintiff, and at his request a copy of the list had been given him. It appeared by his own testimony, and without objection, that the defendant had not charged himself therein with rent for the use of the farms. When the book was offered the plaintiff excepted to its admission as evidence to show that there was no entry concerning rent, and because there were other matters in it not pertaining to the case. At the plaintiff's request, the court received it only as to the items therein which were included in the copy given to him, and as to the items showing payment of the taxes and insurance. Under these circumstances it is not perceived that he has any cause for complaint.

The exception to the judgment raises no question that has not been already considered.

*Judgment affirmed.*