COMMONWEALTH *vs.* KAREN CROSS.

No. 92-P-472.

Middlesex. November 10, 1992. - December 28, 1992.

Present: DREBEN, SMITH, & JACOBS, JJ.

*Practice, Criminal,* Cameras in courtroom. *Jury and Jurors. Evidence,* Relevancy and materiality, Sexual conduct.

In the circumstances the judge at a criminal trial did not err in permitting television cameras in the courtroom; nor was the judge required, either by S.J.C. Rule 3:09, Canon 3(A)(7), or reported cases, to conduct a voir dire of prospective jurors "as to any latent effect television cameras may have on [their] capacity to fairly and impartially judge the evidence." [762-763]

At a criminal trial the judge did not abuse his discretion by admitting in evidence notes written by the defendant to the complainant, and then permitting the notes to be taken into the jury room during deliberations along with other exhibits in evidence. [763]

At the trial of an indictment charging the defendant with having sexual intercourse with a fifteen year old child, the judge did not err in excluding evidence of the child's prior sexual conduct with another person. [764]

INDICTMENTS found and returned in the Superior Court Department on March 26, 1991.

Pretrial motions to exclude television cameras from the courtroom, to exclude any written communication from the defendant to the complainant, and to sequester the jury were heard by *Robert A. Barton,* J., and the cases were tried before him.

*John A. Baccari* for the defendant.

*Patricia M. Darrigo,* Assistant District Attorney, for the Commonwealth.

JACOBS, J. The defendant, a teacher, was convicted in the Superior Court of having sexual intercourse with a fifteen year old student, in violation of G. L. c. 265, § 23. She ap-

peals, claiming the judge erred by (1) allowing television cameras to film the trial, (2) admitting in evidence the defendant's notes to the complainant and then permitting the notes to be taken into the jury room during deliberations, and (3) excluding evidence of the complainant's prior sexual conduct with another person. We affirm.

Before trial, the defendant unsuccessfully moved to exclude television cameras and video equipment from the courtroom and to sequester the jury. The motion was grounded on an unsupported claim under the Code of Judicial Conduct, S.J.C. Rule 3:09, Canon 3(A)(7), 387 Mass. 1219 (1983),[1] that the televising of the trial would create a substantial likelihood of harm. Rule 3:09 requires a judge to permit televising of a trial unless he determines, in the exercise of the broad discretion permitted him with respect to trial publicity, that "such coverage will create a substantial likelihood of harm to any person or other serious harmful consequence." See *Commonwealth* v. *Cordeiro*, 401 Mass. 843, 847 (1988). In her motion, the defendant also argued that "[t]he presence of television cameras and video equipment in the courtroom will distract the jury and interfere with the orderly presentation of the evidence." The United States Supreme Court has recognized the inherent risk of juror prejudice "in any publication of a trial" while at the same time indicating that "something more than juror awareness that the trial is such as to attract the attention of broadcasters" must be demonstrated by the defendant. *Chandler* v. *Florida*, 449 U.S. 560, 575, 581 (1981). *Commonwealth* v. *Burden*, 15 Mass. App. Ct. 666, 678 (1983). A recognition of the possibility that a juror might be distracted by the presence of television cameras "cannot substitute for a

[1]In pertinent part, the rule provides: "A judge shall permit broadcasting, televising, electronic recording, or taking photographs of proceedings open to the public in the courtroom by the news media for news gathering purposes and dissemination of information to the public, subject, however, to the following limitations: (a) A judge may limit or temporarily suspend such news media coverage, if it appears that such coverage will create a substantial likelihood of harm to any person or other serious harmful consequence."

showing that the defendant was actually prejudiced. . . ."
*Ibid.*

In a claim not made below, the defendant argues that the judge was obliged to conduct a voir dire of prospective jurors "as to any latent effect television cameras may have on [their] capacity to fairly and impartially judge the evidence." While judges may conduct such an inquiry,[2] we find no support in either rule 3:09 or the reported cases that such a voir dire is required.[3]

The notes in issue contained multiple expressions of the defendant's love for the complainant and her desire to be with him. In one note, she described her "awesome" memories of one of the three days on which sexual intercourse with the complainant was alleged to have occurred. While these writings did not contain express admissions or specific proof of sexual intercourse, they were probative in the sense that they reasonably could support an inference of sexual intimacy. The letters and notes had a "rational tendency to prove an issue in the case." *Commonwealth* v. *LaCorte*, 373 Mass. 700, 702 (1977). It is not necessary that every item of evidence, by itself, prove the crime charged; it is sufficient if it *tends* to establish the facts constituting the crime by serving as a link in a chain of proof. *Commonwealth* v. *Tobin*, 392 Mass. 604, 613 (1984). The judge acted well within his discretion in permitting the notes to be taken into the jury room during deliberation along with the other exhibits in evidence. See *Krauss* v. *Cope*, 180 Mass. 22 (1901); *Commonwealth* v. *Freiberg*, 405 Mass. 282, 305, cert. denied, 493 U.S. 940 (1989).

---

[2]See *Commonwealth* v. *Cordeiro*, 401 Mass. 843, 845-846 (1988); *Commonwealth* v. *Burden*, 15 Mass. App. Ct. 666, 677 (1983).

[3]It may be advisable that empanelled jurors be instructed, prior to the commencement of a televised trial, to inform the court if the presence of television cameras interferes with their ability "to concentrate and render a fair and impartial verdict." See *Commonwealth* v. *Burden, supra* at 678. Such an instruction would render realistic the prospect that a defendant could meet his burden of showing specific prejudice arising from the presence of television cameras in the courtroom. See *Chandler* v. *Florida, supra* at 575; *Commonwealth* v. *Burden, supra*.

The judge did not err when he rejected the defendant's request that she be permitted to elicit evidence, by cross-examination of a prosecution witness, that the complainant, at a time prior to that of the charged crime, had indicated that he thought his girlfriend was pregnant. In a prosecution pursuant to G. L. c. 265, § 23, evidence of a victim's past sexual conduct is generally inadmissible under G. L. c. 233, § 21B, unless it falls within one of the recognized or stated exceptions to that statute. The defendant, during trial, made no claim that any such exception was applicable.[4]

*Judgment affirmed.*

---

[4]Defense counsel's argument that he was attempting to show that the fifteen year old complainant was sexually active, in the circumstances, did not constitute a basis for admission pursuant to *Commonwealth* v. *Ruffen,* 399 Mass. 811, 815-816 (1987). In any event, the judge, in accord with his pretrial ruling, permitted the defendant to testify that the complainant told her he was happy to learn that his girlfriend was not pregnant. The judge had previously and correctly instructed the jury that such testimony could be considered only with respect to the issue of the relationship of the defendant with the complainant and not as evidence of the complainant's character.