Considering the evidence in the light most favorable to the Commonwealth, the jury could have found the following facts beyond a reasonable doubt. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Through binoculars from the sixth floor of a building, two police officers observed the defendant approach another man, later identified as Wayne Covino and walk with him into the plexiglass enclosure at the entrance of a Massachusetts Bay Transportation Authority (MBTA) station. They saw Covino hand paper money to the defendant. The defendant then spat some objects into his hand. Covino selected some of the items from the defendant’s hand and placed them inside the pocket of his jeans. Both men then left the enclosure. Approximately five minutes later, the officers arrested the men near the MBTA station. Covino had one piece of crack cocaine wrapped in plastic in his pocket. Money was found on the defendant.
We conclude that the evidence, in the light most favorable to the Com *844 monwealth, was sufficient to establish that the defendant distributed cocaine. Commonwealth v. Woods, 419 Mass. 366, 376 (1995) (officers’ observations of a woman exchanging an object for money where the woman, at officers’ request, removed drugs from her mouth immediately following the transaction were sufficient to show that a drug transaction had occurred). The jury could infer, from the ample evidence of the police officers’ testimony of their observations, the money found on the defendant, and the crack cocaine found on Covino, that the defendant had violated G. L. c. 94C, § 32A. Ibid.
The defendant’s objection before closing arguments to sending the binoculars to the jury room was not timely. As he made no objection when the binoculars were admitted in evidence, made no proper request for a limiting instruction regarding the binoculars, and did not object after the judge had instructed the jury, we apply the substantial risk of a miscarriage of justice test. See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967). We conclude that there was none here.
Admitting an item in evidence to be sent to the jury room is within a judge’s discretion. Commonwealth v. Cross, 33 Mass. App. Ct. 761, 763 (1992). In conformance with the general practice of allowing the jury to view exhibits during deliberation, because the binoculars had been allowed in evidence, the judge was within her discretion in allowing them into the jury room. See Commonwealth v. Freiberg, 405 Mass. 282, 305, cert, denied, 493 U.S. 940 (1989) (“Because the tapes were admitted in evidence, the jury were free to listen to them as often as they pleased during deliberations”).
Even assuming that allowing the binoculars into the jury room without a limiting instruction was error, we conclude that it did not result in a substantial risk of a miscarriage of justice because, for the reasons already stated, there was ample evidence to support the defendant’s conviction. There has been no showing, of course, that the jury did, in fact, experiment with the binoculars.
Courts in other jurisdictions that have addressed this issue have similarly concluded that it is not an abuse of discretion to allow an exhibit into the jury room, regardless of possible experimentation by the jury, where there has been no timely objection and any experimentation would be within the scope of the evidence presented at trial. See People v. Bogle, 41 Cal. App. 4th 770, 777-781 (1995) (conviction upheld where the jury tried to open a safe with the defendant’s keys because the experiment was “within the lines of offered evidence”); State v. Thompson, 326 N.W. 2d 335, 337 (Iowa 1982) (no prejudice to defendant where defendant’s gun allowed to be taken into jury room during deliberations and where State had demonstrated how its firing mechanism worked without objection because “[a]ny similar experiments with the gun by the jury were only cumulative of what was already in the record without objection”); George C. Christopher & Son, Inc. v. Kansas Paint & Color Co., 215 Kan. 185, 198-200 (1974) (verdict affirmed where the foreman of the jury performed tests on a paint sample panel submitted as evidence, because the tests only duplicated those performed in the court room); Muchell v. V & V, Inc., 263 N.J. Super. 412, 418 (1992) (motion for new trial denied where the jury disengaged an overhead aisle directory admitted in evidence because the experiment was *845 “simply a reproduction of an experiment conducted in open court at the insistence of the allegedly aggrieved party”).
Richard P. Howe, Jr., for the defendant.
Kristine Luongo Tammaro, Assistant District Attorney, for the Commonwealth.

Judgment affirmed.