## Franklin G. Haven et ux v. Sidney L. Ward Estate

[114 A2d 413]

February Term, 1955.

Present: Cleary, Adams and Chase, JJ., and Hulburd and Sylvester, Supr. JJ.

Opinion Filed May 3, 1955.

*R. Lawlor Cooper* for the plaintiff.

*Alban J. Parker* for the defendant.

**Hulburd, Supr. J.** Franklin G. Haven and Eva L. Haven, his wife, presented a claim to the Commissioners of the Estate of Sidney L. Ward. It was disallowed. Thereupon the Havens duly took an appeal to Windsor County Court. The declaration on appeal was in the common counts with specifications showing that the claimants were seeking to recover as follows:

| | |
|---|---:|
| Moving shop | $230.00 |
| Moving of shrubbery and planting | 400.00 |
| Driveway | 483.00 |
| Repairing building | 1000.00 |
| | $2113.00 |

On June 15, 1953 the defendant Estate moved for further specifications. The plaintiffs, not waiting for any court order, responded by breaking down the item of $400.00 into two parts of $200.00 each; otherwise the specifications were left the same. Not being satisfied with this, the defendant Estate pressed its motion for further specifications, and on June 22, 1953, the court ordered that the plaintiffs file more complete specifications at once, informing both parties that the action would come on for trial three days later, that is, on June 25th, On June 24th, the day before the trial, instead of filing further specifications, the plaintiffs filed a motion in which they asked leave to amend their declaration and be permitted to declare specially on a certain land contract and warranty deed, under which it was claimed that a breach of warranty had occurred. The defendant opposed the motion on the ground that the proposed amendment substituted a new cause of action, and therefore, was improper. The court sustained the defendant in this and declined to allow the

amendment. The plaintiffs excepted. The defendant then moved that the plaintiffs be non-suited for failure to comply with the court's order for further specifications. This was granted and on June 30, 1953, the plaintiffs were non-suited and the defendant Estate had judgment to recover its costs. The plaintiffs thereafter moved to strike the entry of non-suit and to set aside the judgment. On July 13, 1953, the court so ordered and further granted the plaintiffs' motion to pass the cause to Supreme Court before final judgment with the thirty days expiring on August 12, 1953 as the last date on which the plaintiffs might file their bill of exceptions.

The plaintiffs did not get a bill of exceptions signed by the presiding judge within the required time. Instead on August 11, the next to the last day for filing a bill of exceptions, the plaintiffs' attorney mailed an unsigned draft of a bill of exceptions to the Windsor County Clerk, taking it for granted that the clerk would see that it was signed by the presiding judge. Although the June term 1953 had not adjourned, it was in recess and neither the presiding judge nor the clerk was in Woodstock. The unsigned bill of exceptions was received at the county clerk's office on August 12, the last day for filing, and a post card acknowledgment was mailed out to the plaintiffs' attorney the same day. This card indicated that the plaintiffs' bill of exceptions had been received and filed. Nothing was stated on the post card as to whether the bill had been signed or not. About five days later after he had returned to Woodstock, the clerk notified the plaintiffs' attorney that, in fact, the bill of exceptions was not actually filed until August 17. In addition to being filed late, the bill of exceptions did not bear the signature of the presiding judge.

Confronted with this situation, the plaintiffs, on November 25, 1953, after final adjournment of the June term, moved to strike the entry of July 13 asking for a new entry which would allow passage of the cause to Supreme Court before final judgment for hearing on the exceptions of the plaintiffs to the denial of their motion to amend. This motion to strike came on for hearing at the following term of county court and was finally disposed of on February 1, 1954 when the court denied the plaintiffs' motion. The plaintiffs excepted and the court in its

discretion permitted the cause to pass to this court before final judgment, and this time a bill of exceptions was properly signed and seasonably filed.

■ There can be no doubt but that in appropriate cases our courts have the power to vacate or modify judgments even after the lapse of the term. This revisory control over its records is a discretionary power all courts of record possess independent of statute. It is frequently used to relieve a party against the unjust operation of a record resulting from the mistake or inadvertance of the court and not the fault or neglect of a party. It is a power, it is said, which should be used with great caution and is addressed solely to the discretion of the court. *In Re Estate of George E. Moody*, 115 Vt 1, 6, 49 A2d 562. *St. Pierre* v. *Beauregard*, 103 Vt 258, 261, 152 A 914.

■ The plaintiffs claim that this is a case in which the court should exercise its revisory power. They have argued that the court below ruled as a matter of law that it had no such power. It is enough to say that the record does not bear the plaintiffs out on this point. Nothing appearing to the contrary, we cannot assume that the court withheld its discretion; rather the assumption is that it was exercised. *Mullett* v. *Milkey*, 113 Vt 42, 45, 29 A2d 806.

■ When we come to analyze the situation in this case, we find that the plaintiffs are not seeking to have an erroneous record corrected. Nothing is claimed to have been wrong about it. The entry of July 13 was the very entry which the plaintiffs previously sought. Having got it with a right to go to supreme court before final judgment, they failed to comply with the statutory requirement as to the filing of their bill of exceptions. Realizing their failure, the plaintiffs are seeking to employ a motion to strike as a device to open a way to a second chance to do what they should have done in the first place. It is at once apparent that if such a procedure were gener ally sanctioned, the requirements of the statute as to filingof bills of exceptions would be virtually abrogated. To permit it, would be tantamount to allowing some other judge than the one

who presided at the trial to sign the bill of exceptions. This cannot be done. *Beam* v. *Fish,* 106 Vt 219, 221, 172 A 617.

██ It is the duty of the losing party to see to it that his bill of exceptions is presented to the presiding judge and signed by him and filed within the required time. The latest decision in a long line of cases to this effect is *In Re Estate of Towner,* 117 Vt 554, 97 A2d 538. The weakness of the plaintiffs' procedure was that they sought to impose on the clerk a duty which was not his but was their own. It was not the duty of the clerk to give notice that the bill of exceptions had not been signed and filed. "No more was it the duty of the clerk under the circumstances to notify the chancellor that exceptions were requested." *Spencer* v. *Lyman Falls Power Co.,* 109 Vt 294, 304, 196 A 276, 280. Much less was it the duty of the clerk to find the absent judge and lay the bill before him. Until the bill of exceptions had been signed by the presiding judge it was without force. The duty to see that it was signed and filed rested on the plaintiffs and the plaintiffs alone.

The plaintiffs cite *Hodge & Mattheis* v. *Vt. Stone Products Corp.,* 113 Vt 491, 37 A2d 183. This was a petition for a new trial in which the petitioners alleged that their bill of exceptions was not signed within the required thirty days by reason of the illness of the presiding judge. This Court exercising its discretion, as on all petitions for a new trial, granted the petition. There is no question but that the Court regarded the exceptions as lost. It said, however, "The loss of the exceptions cannot be ascribed to the fault of the latter"—meaning the petitioners' counsel. The trouble in this case is we are being asked to relieve the plaintiffs from the effect of their own laxity or inadvertence. Certainly the plaintiffs' position does not result from any error or inadvertence on the court's part. But the plaintiffs would have this Court believe that the trouble has arisen because they were misled. Plaintiffs' counsel stress the fact that he received in the mail from the county clerk's office under the county clerk's name an acknowledgment-card which stated in substance that on August 12, 1953 the plaintiffs' bill of exceptions had been received and duly filed.

It must be remembered that the draft of the bill of exceptions was mailed to the clerk by the plaintiffs' attorney on August 11. August 12 was the last day for filing and the bill of exceptions reached the clerk's office on that day. There is nothing in the record tending to show that the acknowledgment-card got back to the plaintiffs' counsel the same day. In fact, the fair inference from what is before us is that the card was received by him not earlier than the next day, that is, August 13. This being so, he cannot claim that he acted, or failed to act, in reliance on the card from the county clerk's office. He could not have been lulled into inactivity by reason of it since on the day that he received it, all time for action had passed. The card, though erroneous, deprived him of nothing he had not already lost.

The case of *Amazon Insurance Company* v. *Partridge* in 49 Vt at page 121 has very much in common with the present one. In that case the plaintiff had obtained a judgment against the defendant but failed seasonably to move for a certified execution. Having failed in this, plaintiffs' counsel attempted, as here, to remedy the situation at the following term of court. He moved to have the case brought forward and the judgment vacated, and by this device hoped, at the second term, to get his judgment together with a certified execution. This Court reversed the lower court for granting the plaintiff's motion. The Court said: "The judgment was regular, and the record was perfect; and where by mistake the party neglects to assert a claim or right, that he might and should have made at the term when the judgment was rendered, the county court has no legal right to vacate a regular and perfected judgment in order to give him an opportunity to assert such a claim which he lost by his own neglect.........." Doubtless the Court was unfortunate in using language tending to indicate that it was dealing with a matter of *power* rather than *discretion*; (see *McDurfee* v. *Buck*, 107 Vt 173, 177, 177 A 195,) nevertheless the result of the case stands unimpeached. It rests on sound ground.

To revise is one thing; to manipulate is another. Essentially, the plaintiffs here, as in the Amazon case, are seeking to employ, by their motion to strike, a manipulative process,

not with any idea of correcting an improper record, but for the sole purpose of recapturing a right lost by their own laches. It is an attempt to make ingenuity supply what diligence would have easily given.

With all this apparent, the court below did not see fit, in exercising a just and reasonable discretion, to grant the plaintiffs' motion to strike for the purposes indicated. A review of all the circumstances of this case fails to disclose that such discretion has been abused or withheld.

For cases in other jurisdictions of a similar nature where the same result was reached, see *Conn. Mortgage & Title Co.* v. *Di Francesco*, 112 Conn 673, 151 A 491; *Johnson* v. *Union Savings Bank & Trust Co.*, 196 *Minn*, 588, 266 NW 169; *Leeper* v. *Ginsberg*, 58 Cal App2d 591, 137 P2d 859.

This dispostion of the case makes it unnecessary to consider the other questions raised by the plaintiffs' brief. *The plaintiffs take nothing by their exceptions and the cause is remanded.*