**Ronald W. Towle v. St. Albans Publishing Co., Inc.**

[165 A.2d 363]

September Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed November 1, 1960

*Lisman & Lisman* for the plaintiff.

*John Mulvey* for the defendant.

**Smith, J.** This is an action for libel, brought against the defendant corporation, the owner and publisher of the St. Albans Messenger, a daily newspaper published in St. Albans, Vt. The declaration alleged that on Nov. 25, 1957, the defendant composed and published in the St. Albans Messenger the following article concerning the plaintiff:

## "ARRAIGN NINE IN MUNICIPAL COURT

"Ronald Towle of Fairfax, an air policeman, formerly of Enosburg, pleaded guilty to driving while intoxicated. He paid a fine of $50 and cost of cated. He paid a fine of $50      12.50"

The printing errors shown above appear in the original newspaper article.

The declaration also alleged that on Nov. 26, 1957, the defendant composed and published in the St. Albans Messenger the following article concerning the plaintiff:

## "EX-SHERIFFS' PATROLMAN ADMITS COUNT

"A man who five months ago was suspended from the Franklin County Sheriff's Patrol was arraigned in municipal court here yesterday: pleading guilty to driving for the past nine years on a suspended license.

"Ronald Towle, of Fairfax, who was dropped from the patrol in June for 'misuse of authority' was brought before Municipal Court Judge Carl S. Gregg, and was fine $50, plus costs.

"A sergeant with the Air Police at the St. Albans Air Force Base, the 36-year-old native of Enosburg had his license suspended by the commission or motor vehicles in 1948, after he failed to file automobile liability insurance while he was overseas in the Army.

"State police said that Towle was convicted of careless and negligent driving, death resulting in St. Albans on May 19, 1941.

"Troopers said a vehicle operated by him was involved in a fatal crash at Bakersfield. A passenger in the car was killed.

"State police said he entered the armed service in 1943, and had his operators license reinstated in 1946.

"Two years later, troopers said Towle allowed his automobile liability insurance to lapse and his license was again suspended. Police said it has not been reinstated since.

"In court yesterday, the former deputy reported having a Virginia license which is good for 4 years, and expires in 1958. Further, he said his car was fully insured.

"Judge Gregg, meanwhile, said today court records show that as a deputy, the 36-year-old airman was the arresting officer in six motor vehicle cases prosecuted here during the months of May, June and July.

"As a deputy, Towle was given a permit by the commissioner of public safety to equip his car with a siren and red warning lights.

"His appointment as a deputy sheriff was made by Franklin County Sheriff John R. Finn, and was approved by the Attorney-General of Vermont.

"Finn said this morning his commission as deputy and his permit from the department of public safety were withdrawn when he was dropped from the patrol for misuse of authority and on

order of the Office of Strategic Information, USAF, Ft. Ethan Allen, Vt."

On November 25, 1957, the plaintiff pleaded guilty to operating a motor vehicle while his right to do so was suspended. The defendant admits that its first news story, quoted above, was in error in stating that the plaintiff pleaded guilty to the charge of "driving while intoxicated." The court below properly charged that this first publication was a libel per se and that under that allegation the defendant was guilty of libel, and defendant took no exception to this part of the charge of the court below.

The defense to the second publication, quoted above, was its truth. The plaintiff, on direct examination, admitted the truth of the second publication except as to that part which stated he had been suspended from the sheriff's patrol for "misuse of authority." Upon this question evidence was presented by both parties.

Jury trial resulted in a verdict for the plaintiff with both compensatory and punitive damages awarded in the one verdict.

The first exceptions briefed by the defendant are to the exclusion of certain evidence by the trial court. It is the contention of the defendant that the sentence received by the plaintiff under the 1941 conviction of careless and negligent driving, death resulting, should have been received in evidence in the case, as well as a certified copy of the court record of the 1941 case, as evidence of the bad character of the plaintiff in the community in mitigation of damages.

It will be remembered that the plaintiff did not dispute the truth of the publication that he had been convicted in 1941. The conviction, in itself, was not disputed, therefore was not in issue, having been admitted. No abuse of discretion is shown in the trial court's exclusion of the certified court record of a conviction already admitted.

■ The defendant may prove in mitigation of damages the general bad character of the plaintiff in respect to the offense imputed, but he may not prove any particular instances of misconduct unless they are so general that they have affected his general character. *Bowen* v. *Hall,* 20 Vt. 232, 241 ; 35 Am. Jur., Libel and Slander, pp. 205-206.

The matter of the conviction of the plaintiff in 1941 did not come into this case on mitigation of damages, for under the law just quoted it could not. It was in the case only on the issue of the defense of

truth in the claimed libel. Just as the specific instance of misconduct was not admissible to mitigate damages in the case, there being no evidence that such instance had affected the general character of the plaintiff, so also the evidence of any penalty received for such misconduct was equally inadmissible. No error is found in the exclusion of this evidence by the trial court.

In order to properly consider the next exceptions taken by the defendant it is necessary to consider some of the evidence in the case relating to the claimed damages suffered by the plaintiff. The plaintiff testified that he had conducted a television and radio repair business from his former home in Fairfax. He further testified that because of the publication in the St. Albans Messenger that he had been convicted of driving while intoxicated he had lost customers of his business, and that because of the ridicule he suffered in Fairfax as a result of the above mentioned publication, he had been obliged to sell his home at a loss and move elsewhere.

Upon cross-examination the defendant questioned the plaintiff as to the effect upon his business of the 1941 conviction, as well as the effect of his conviction on the charge of driving a car while his license was suspended. It was the testimony of the plaintiff that the conviction of 1941, because of its remoteness in time, had no effect upon his business. He also stated that because of letters he had received from former customers, as well as telephone calls, he became informed that the loss of business was due to the publication of the drinking charge. He also testified, without objection, that in talking with these former customers, they informed him that they believed the article in the newspaper, and that they had withdrawn their business from him because of his drinking.

The plaintiff offered in evidence a letter purporting to be from a Mr. Decker, one of his customers, which, in substance, stated that the customer was taking away his business from the plaintiff because of his conviction on the driving while drinking charge. Mr. Decker was not present as a witness in the case, nor was the letter authenticated in any way. It was received in evidence by the trial court over the objection by the defendant that it was hearsay, and that objection is briefed here.

The plaintiff contends that even if the letter was hearsay it was admissible under an exception to the hearsay rule, in that it was admissible, not for the truth of the matters stated therein, but for the purpose of showing the reason for the action of the plaintiff. Yet his actions are not at issue here.

The plaintiff was seeking damages here because of the action of his customers in withdrawing their business. The question presented was the reason for this action of the former customers, and not for any action of the plaintiff himself. On this question the letter was hearsay and should have been excluded.

The plaintiff also, on cross-examination, admitted it was necessary to explain to his friends his conviction on the charge of driving while under suspension. On re-direct examination he testified that upon showing them a letter which he stated he had received from the Commissioner of Motor Vehicles he had no further difficulties with them on that matter. The Commissioner of Motor Vehicles was not a witness in the case, but the court below allowed the alleged letter to be received in evidence over the objection of the defendant that it was hearsay.

The same claim for the admissibility of this letter is made by the plaintiff, that is, that it was properly received for the purpose of showing the reason for the actions of the plaintiff, but again, the reason for the action of the plaintiff was not in issue here. The issue upon which this evidence was received was the reactions of the customers and friends of the plaintiff to his conviction on the charge of driving while his license was suspended, bearing upon the matter of damages. On this matter the letter was hearsay and should have been excluded.

■■  But it is not enough that the defendant show that there was error in the admission of these two letters. The burden is upon him to also show that the admission in error was to his prejudice. The test is whether in the circumstances of the particular case it sufficiently appears that the rights of the complaining party have been injuriously affected by the error. *Parker* v. *Roberts,* 99 Vt. 219, 225, 131 A. 21, 49 A.L.R. 1382.

■  The plaintiff testified, without objection, that he suffered no loss of business because of the conviction of driving while under

suspension, basing his answer upon conversations with his customers. He also testified, without objection, that these customers informed him that they were withdrawing their custom because of the erroneous newspaper article of his being convicted of driving while intoxicated. He further testified, again without objection, to the fact that other letters he had received stated that the writers were removing their business because of the drinking charge. This evidence was not controverted. The effect of the two letters, admitted in error, was only cumulative to other admitted evidence in the case to the same point. Being only cumulative to other evidence received we cannot find that it was such error as to injuriously affect the defendant. With the uncontroverted evidence being that the conviction for driving while his license had been suspended had no effect upon the damages suffered by the plaintiff, evidence that, at best, could only go to the seriousness of that conviction, was not prejudicial.

The same holding must be made to the admission of the alleged letter from a customer of the plaintiff withdrawing his business from the plaintiff because of the publication of a conviction of driving while intoxicated against the plaintiff, which was not true. The plaintiff testified, without objection, that he was informed by the customers who withdrew their trade, that it was because of this publication. He further testified, without objection being made, that letters he had received from other customers contained the same reason for withdrawing their custom.

The admission of the letter, which was hearsay and in error, was only cumulative to other uncontroverted evidence in the case not objected to by the defendant. Being only cumulative in effect, we cannot find that it was such error as to injuriously affect the defendant.

The next exception of the defendant for our consideration was to the admission of evidence on the question of damages. It was the testimony of the plaintiff that, as a result of the libel, he was subject to derision and ridicule in Fairfax, where he then lived. He further testified that to get away from this ridicule he sold the house that he then owned in Fairfax at a loss of $1,000.

No objection was made by the defendant when this testimony was introduced. The plaintiff was cross-examined on the matter

of the sale of the house by the counsel for the defendant. The first objection made by the defendant to the introduction of the evidence was by a motion to strike such evidence at the time that testimony on both sides of the case had been closed. The rule in Vermont is well established that a party cannot allow testimony to be introduced without objection, thereby waiving his right to object, and then at some subsequent stage of the trial insist on its exclusion. *Edmunds Brothers* v. *Smith,* 95 Vt. 396, 401, 115 A. 187, and cases cited therein. The only excuse offered by the defendant for the delay in objecting to the evidence in his motion to the court below was that he had no way of knowing if the evidence objected to would be "tied up" with the issues at the time it came in. It is sufficient to say that defendant could have noted his objection to such evidence, at the time it was first introduced, subject to it being later connected with the issues in the case. No error is found.

The next objection of the defendant is to the charge of the lower court. Defendant excepted to the failure of the lower court to charge that if the jury found that the gravity or criminality of a conviction of driving while intoxicated, which appeared in the erroneous publication by the defendant, was the same as the actual conviction for driving while his license was suspended, then the jury should award no damages. The argument of the defendant would seem to be that a jury should award no damages for a libellous publication of a conviction that had never happened, provided that there has been a conviction of the plaintiff on an offense of similar gravity.

This Court in the early case of *Torrey* v. *Field,* 10 Vt. 353, 408, said:

"The authorities all concur in this, that where the defendant will justify by showing the truth of the matters charged in the libel, it must be the truth of the 'very charge', and it is not sufficient to plead and prove the plaintiff guilty of a similar offense, or even of one more flagrant."

This exception cannot be sustained.

The defendant also excepted to the failure of the lower court to charge that if the publication was the result of an inadvertent mistake, or if there was no malice, the jury should consider these in miti-

gation of damages. The evidence disclosed that the publication of Nov. 25, 1957, in which it was stated that the plaintiff pleaded guilty to driving while intoxicated, had resulted because the reporter for the defendant publication had misread an abbreviation in the notes she had taken at the municipal court proceeding. Lack of malice may be shown by a defendant for the purpose of mitigating special or punitive damages, but malice, or the lack thereof, is not for the consideration of the jury on compensatory damages. *Lancour* v. *Herald and Globe Ass'n.,* 112 Vt. 471, 478-480, 28 A.2d 396.

The exception taken by the defendant was the failure to charge that if the publication was an inadvertant mistake, or if there was no malice, they should consider that item in mitigating any damage. But if the lower court had so charged it would have been in error, for the matter of malice was not for the consideration of the jury on compensatory damages. Further, an examination of the charge given by the lower court satisfies us that the jury was charged correctly upon the matter of malice in assessing punitive damages.

The last exception briefed by the defendant is to the denial of the motion of the defendant to set aside the verdict on the ground that the damages were excessive. The motion of the defendant, and the grounds upon which it was based, is not part of the record before us.

This is a question concerning which the appellate court on review has no discretion. The only question here for our determination is whether the trial court abused its discretion. In considering this question, we are bound to indulge every reasonable presumption in favor of the ruling below, bearing in mind that the trial court was in the better position to determine the question. *Lancour* v. *Herald and Globe Ass'n.,* 112 Vt. 471, 483, 28 A.2d 396; *Belock* v. *State Mut. Fire Ins. Co.,* 106 Vt. 435, 443, 175 A. 19, 23.

We cannot say, on the record before us, that the trial court exercised its discretion on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, which, in this state, is the recognized test of abuse of discretion. *Stone* v. *Briggs,* 112 Vt. 410, 415, 26 A.2d 828.

*Judgment affirmed.*