RAYMOND J. KING *vs.* ZYGMUNT W. SKOMOROCK.

APRIL 29, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of trespass on the case for negligence that was tried to a jury in the superior court and resulted in a verdict for the defendant. Thereafter the trial justice granted the plaintiff's motion for a new trial on the ground that the verdict was against the weight of the credible evidence. The case is here on the defendant's exception to such decision.

In support of his exception he contends that the trial justice erred in his appraisal of the parties as witnesses and overlooked or misconceived material evidence. On the other hand plaintiff argues that the decision is based on the trial justice's superior and more comprehensive judgment of the witnesses and the evidence and therefore should not be disturbed. To resolve these contrary contentions necessitates a somewhat lengthy review of the evidence.

It appears from the record that plaintiff's cause of action arose out of a collision between his motorcycle and defendant's automobile at the intersection of Angell and Brook streets in the city of Providence about 12 o'clock noon on May 30, 1959. At the time of the collision plaintiff was operating his motorcycle west on Angell and defendant's wife was driving his car north on Brook. Angell is a one-way street west and Brook, which is slightly wider from curb to curb than Angell, is two-way for traffic north and south.

Traffic at the intersection of the two streets is governed by two automatic stop-and-go traffic lights. One is at the northeast corner of the intersection and the other at the southwest corner. At the time of the collision they were set to operate as follows: For traffic on Angell, green for

30 seconds and red for 17 seconds; on Brook, green for 14 seconds and red for 33 seconds. At the end of the green period there was a phase of 3 seconds signaled by a yellow light before the light turned to red.

The assistant traffic engineer of Providence, John I. Logan, testified for plaintiff that he tested the traffic lights at Brook and Angell on April 13, 1962. He found them operating correctly according to plan, and since his office had never received any complaints about them before the day of the accident he expressed the opinion that they were functioning in the same manner on that day.

He was asked certain hypothetical questions based on this fact and the testimony of plaintiff with reference to the circumstances in which he operated his motorcycle. These questions were designed to elicit testimony from the expert witness that would make it appear plaintiff had a green light when he entered the intersection on Angell street and that it would be impossible for defendant's wife to have also had a green light at the same time on Brook street. We shall hereinafter discuss this expert testimony more at length since the trial justice relied upon it as a sufficient reason for setting aside the verdict and granting plaintiff a new trial.

Besides plaintiff and defendant's wife there were three other eyewitnesses, Mrs. Helen Hreschak, Rev. DeWitt C. Clemens and Washington W. Loveland, Jr. Mrs. Hreschak was called by plaintiff and she testified that he entered the intersection when the light was green on Angell. Reverend Clemens and Loveland were called by defendant and each testified positively that the light on Brook was green when defendant's car entered the intersection.

The plaintiff testified that he stopped at the intersection of Angell and Hope streets for a red light. At that time the light at Angell and Brook, which is about 520 feet west, was red according to his testimony. When the light at Hope changed to green he started up and proceeded at an esti-

mated speed of 20 to 25 miles per hour and as he was passing the intersection of Angell and Cabot streets the light was green. He estimated the distance from Cabot to Brook between 60 and 80 feet. The actual distance according to plaintiff's exhibit 6, showing the street plan at this point, is 160 feet. He could not remember on what side of Angell he was proceeding, whether on the right or left or in the center. He first saw defendant's car in the center of the intersection when he was approximately 6 feet away. The car was on the right side of Brook and when he noticed it the front end was half way into the intersection.

Mrs. Hreschak testified she was driving her car at about 20 to 25 miles per hour directly behind plaintiff. She could not recall the color of the light at Hope but she testified that the light at Brook turned from red to green when she was at Cabot street. If her testimony is to be believed the light at Brook was red when plaintiff passed Cabot street ahead of her.

Mrs. Skomorock testified that she was driving defendant's car east on Waterman street and when she reached its intersection with Brook she turned left into Brook and saw that the traffic light at Angell was "all the way green." She was certain it was green when she entered the intersection. Just about the time the front of her car got into the intersection she saw the motorcycle coming "very fast," faster than the speed of her car, and she put on her brakes but the motorcycle hit her right rear fender.

Mrs. Skomorock's testimony with reference to her entering the intersection while the light was still green was corroborated by the testimony of her eyewitnesses in a most positive manner. Reverend Clemens testified that he was driving a Morris Minor station wagon north on Brook street and that after defendant's car turned into that street he was directly behind it at an estimated distance of 25 feet. As it entered the intersection at Angell ahead of him the light was green and it turned yellow as the car proceeded

across the intersection when it was hit by the motorcycle on the far side of the intersection.

Mr. Loveland was riding in the front seat beside Rev. Clemens. He testified that defendant's car entered the intersection on a green light and was hit by the motorcycle near the northeast corner of the intersection. The light turned yellow as the Clemens car entered the intersection behind defendant's car.

It does not appear from the transcript that the veracity of defendant's witnesses was impeached in any way. Their testimony was positive and straightforward. In our opinion after comparing it and Mrs. Skomorock's testimony with that of plaintiff and Mrs. Hreschak the jury could have reasonably come to the conclusion that plaintiff had failed to prove his case by a fair preponderance of the credible evidence.

However the trial justice concluded otherwise apparently because he was of the opinion that Logan's testimony tended to discredit defendant's evidence largely because of Logan's answers to the following hypothetical questions:

"Q. Fifteen seconds. Now, assuming that this motorcycle started up from a standing start at the time the light at the intersection of Hope and Angell Streets turned green and proceeded along Angell Street in a westerly direction accelerating until it reached a velocity of twenty to twenty-five miles an hour at Cabot, can you tell me what color the light at the corner of Brook and Angell would be when this motorcycle was at Cabot Street?

"A. Since you depend on the acceleration time, in a normal acceleration from zero to twenty-five miles an hour, it could conceivably be done in fifteen seconds which would give you a green indication on Cabot Street at that time."

* * *

"Q. Now, assuming that the motorcycle proceeded from Cabot Street to the intersection of Brook and Angell and continued along at this speed of twenty to

twenty-five miles per hour, can you tell me what color the light would be at the corner of Brook and Angell when the motorcycle reached that intersection?

"A. It would still be green."

In our opinion this testimony could have been reasonably discounted by the jury because the components of each hypothetical question were not precise insofar as plaintiff's operation of his motorcycle, the timing of his speeds and his estimates of distances were concerned. In other words, the answers to such questions could have no more probative force than the testimony of plaintiff and his witness Hreschak upon which the questions were predicated.

Moreover, the jury could have discounted such testimony because in answer to a hypothetical question to the same witness based on Mrs. Skomorock's testimony, he testified that she would have a green light at Brook and Angell for 2 seconds after she had turned into Brook. After a careful consideration of all the evidence we are of the opinion that the trial justice was clearly wrong in disturbing the verdict because the evidence was such that reasonable men could come to different conclusions thereon. In such a situation the trial justice is not justified in disturbing the jury's verdict and granting a new trial. *Votta* v. *Calcagni,* 84 R. I. 289; *Amado* v. *Ken-Mac Motors, Inc.,* 83 R. I. 452; *Downes* v. *United Electric Rys.,* 80 R. I. 382; *Talon* v. *Jackson,* 68 R. I. 488.

The defendant in his brief and oral argument has dwelt upon several instances in the trial justice's decision where in recalling certain testimony he allegedly either misconceived or overlooked its true import. Upon examination of the transcript we cannot say that such contentions are without merit but we have refrained from discussing them because of our firm conviction that the trial justice erred in not following the rule above mentioned in passing upon all the evidence.

The defendant's exception is sustained, and the case is

remitted to the superior court for entry of judgment on the verdict.

FROST, J., did not participate in the decision.

*Decof, Abatuno & Brill, Leonard Decof,* for plaintiff.

*Thomas E. F. Carroll,* for defendant.