MILTON ISRAELOFF *vs.* WHITEHALL TAXICAB COMPANY.
MILTON ISRAELOFF *vs.* GUIDO DEPETRILLO.

MAY 6, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. These two actions of trespass on the case for negligence were brought to recover damages for personal injuries and property damage sustained by the plaintiff as the result of a collision caused by the alleged negligence of the defendant Guido DePetrillo while operating a taxicab owned by the defendant Whitehall Taxicab Company. The cases were tried before a justice of the superior court sitting with a jury together with another case resulting from

the same collision, brought by the plaintiff against Richard W. Rankin. The jury returned a verdict for the defendant in each case. Thereafter in the case against Rankin the trial justice denied the plaintiff's motion for a new trial, but in the instant cases he granted new trials and the defendants have duly prosecuted their bills of exceptions thereto.

The plaintiff's motions for a new trial were based on the usual grounds that the verdicts were against the law and the evidence and the weight thereof and failed to do justice between the parties. The defendants contend that in passing on the motions the trial justice misconceived and overlooked material evidence and merely substituted his view for that of the jury in a case where on the evidence men might reasonably and fairly come to different conclusions. They argue that in the circumstances we cannot give the usual persuasive force to his decision, and that we must examine the transcript for ourselves and determine whether the evidence preponderates so strongly against the verdicts that it was not error for the trial justice to disturb them.

These cases arose as the result of a collision which occurred on Cypress street in the city of Providence. Cypress street has been described by the witnesses as a very steep hill running westerly from Camp street to North Main street. It measures 31 feet from curbstone to curbstone. The accident happened on August 16, 1958 at about 11:15 a.m. It was misty and raining and the highway was wet.

The testimony as to what happened at the time of the collision is in dispute. The plaintiff's testimony on this question is in substance that while he was driving westerly down the hill on his own side of the road his car was struck by an automobile operated by Richard W. Rankin who was coming up the hill in an easterly direction.

Mr. Rankin's testimony is that defendant DePetrillo pulled out from the curb without giving any warning just as Mr. Rankin was passing defendant's taxicab; that the cab

struck his car and caused him to lose control; and that as a result of the impact his car went over to plaintiff's side of the road where it collided with the latter's car. Mr. Rankin's testimony was corroborated in part by the testimony of a disinterested witness who testified that he saw the taxicab strike the Rankin car.

The defendant DePetrillo denied that he was pulling away from the curb. The substance of his testimony is that he had discharged some passengers and was preparing to move; that another car was parked on the opposite side of Cypress street; that plaintiff and Rankin in attempting to pass each other misjudged the distance between his taxicab and the parked car; that plaintiff's car struck the parked car and then collided with the Rankin car; and that at the time of the collision his cab was not moving.

The transcript contains conflicting evidence with respect to the speed of plaintiff's car, whether another car was parked on the opposite side, whether and in what manner Rankin's car came in contact with defendant's taxicab, and other matters which we do not consider necessary to discuss at this time. But it is clear from what we have set forth that there is a substantial conflict in the testimony concerning the manner in which the collision occurred. In such circumstances the question of credibility is an important factor.

In passing on plaintiff's motions for a new trial the trial justice recognized that under his charge defendant was entitled to a verdict in each case if the evidence was evenly balanced or, if plaintiff failed to prove by a fair preponderance of the evidence that he was free of negligence, that defendant was negligent and that his negligence was the proximate cause of the collision.

No citation of authorities is needed for the well-established rule in this state that in passing on a motion for a new trial on the ground that the verdict is against the

evidence, the trial justice in weighing the evidence and in passing on the credibility of witnesses must exercise his independent judgment in arriving at a conclusion on the question whether substantial justice has been done between the parties. This duty is not discharged if he overlooks or misconceives any material evidence. He must relate his conclusions to the evidence or reasonable inferences therefrom, and in his decision he should give us the benefit of his reasons therefor and should point to the evidence on which he relies. If the trial justice performs his duty, his decision will not be disturbed by this court unless he is clearly wrong.

Moreover, in cases such as these where a verdict has been rendered for the defendant, the plaintiff is entitled to a new trial only upon a finding by the trial justice that the preponderance of the evidence favors the plaintiff. Otherwise, as we have already stated, the defendant is entitled to the verdict. This is so because of the burden of proof which a plaintiff has of proving his case by a fair preponderance of the evidence.

Applying these rules to the cases before us, we find that credibility played a decisive part in the trial justice's decision. He expressly stated that he did not believe defendant DePetrillo's testimony. We can reasonably infer from his decision that he concluded that Mr. DePetrillo was guilty of negligence in pulling out from the curb without giving a signal or warning. He also stated that he believed Mr. Rankin's testimony and that in his independent judgment there was no evidence of negligence on the part of plaintiff or Mr. Rankin.

In our opinion the trial justice performed his duty in passing on plaintiff's motions for a new trial. He concluded, in effect, that the preponderance of the evidence favored plaintiff. Having reached such conclusion it was his duty to grant the motions. The only question before us is

whether such decision was clearly wrong or whether he overlooked or misconceived any material evidence.

After carefully examining the entire record in relation to all of the contentions made by defendants, we cannot say that he was clearly wrong or that he overlooked or misconceived any material evidence. He carefully pointed out the reasons for his decision and related the same to the evidence and the reasonable inferences therefrom.

There is no merit in defendants' contentions that the trial justice merely substituted his view of the evidence for that of the jury where on the evidence reasonable men might come to different conclusions from the same facts. The evidence was conflicting. Having rejected the defendant DePetrillo's testimony because it lacked credibility, the trial justice was not clearly wrong in granting the plaintiff's motions on the basis of the evidence which he deemed credible.

The defendant's exception in each case is overruled, and both cases are remitted to the superior court for new trials.

*William R. Goldberg, Ronald R. Gagnon,* for plaintiff.

*Martin M. Zucker,* for defendants.