### Julian F. Grow et al v. Theron Wolcott

[194 A.2d 403]

March Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed October 9, 1963

*Underwood & Lynch* for the plaintiffs.

*Conley & Foote* for the defendant.

**Barney, J.** The trial court granted the plaintiffs' motion to set aside the verdict in favor of the defendant and ordered a new trial. At the request of the defendant the court certified that ruling here for review. Since an order for a new trial is not a final order, this procedure was necessary to obtain review in this Court.

Aside from the obligation to set aside a verdict insupportable as a matter of law, a trial court has the right, when circumstances justify, to set aside a verdict and order a new trial as a matter of discretion. Because of its nature, this is a right to be sparingly used in extraordinary circumstances. But, when asked to exercise its discretion in an appropriate situation, the trial court is bound to do so, no matter whether, in so doing, it determines to rule favorably on the requested action or not. In such a situation, where a party has called upon the court for a discretionary ruling, it is improper for the court to refuse to utilize its right to decide the question as a matter of discretion. Purporting to be bound to rule as a matter of law will not satisfy the moving party's claim on the court's discretion. *Paul* v. *Drown,* 108 Vt. 458, 464, 189 Atl. 144, 109 A.L.R. 1085.

We speak of it as a right, because it is discretionary. Discretion involves choice; the right to either act or not act. If the circumstances make acting, or not acting, obligatory, there is no room for discretion and the result is described as being required "as a matter of law." The decision of the court in such a case is founded on duty; whereas, in a discretionary matter, it is founded on the privilege or right of the court to choose between affirming and denying, acting and not acting, according to its judgment.

This discussion of matters perhaps quite self-evident is intended to underscore another, and perhaps equally plain, logical consequence of the right to make a discretionary decision. That is, that an appellate court, in reviewing a ruling properly made as a matter of discretion, must affirm the decision of the trial court, if the action that court took was one of the discretionary courses open to it. To say otherwise would be to deny discretion to the trial court.

In this case the trial court was moved to act by the plaintiffs who asked that the verdict be set aside and a new trial granted. Their

motion sought this relief both as a matter of law and as a matter of discretion. The trial court granted their request for a new trial without setting out the basis for the ruling. The plaintiffs appear to accept the claim of the defendant that there was no basis for granting the motion as a matter of law, because they state that their argument in support of the ruling is confined to the discretionary aspect. This is an inevitable consequence of the presence of evidence in the case controverting the plaintiffs' claim and supporting the defendant. A motion to set aside a verdict as being without evidentiary support requires a ruling as a matter of law, and fails in the presence of conflicting evidence sufficient to support a jury finding in favor of the prevailing party. *Skoll* v. *Cushman,* 111 Vt. 160, 165, 13 A.2d 180. We therefore approach the ruling in this case assuming it to be made as a matter of discretion.

A motion to set aside a verdict and grant a new trial places a heavy responsibility on the trial court. The action having been instituted and the participants assembled in order that a jury may resolve the factual issues, a court would be understandably hesitant to set at naught the whole proceeding and order it all done over again. Indeed, it is often said to a jury having difficulty agreeing, that they should have in mind that there is no assurance that a second proceeding, with a second jury, would have the matter presented in a manner any easier to resolve. This same consideration applies to a court about to set aside, as a matter of discretion, the verdict of a jury after a full trial. The right to set aside a verdict is based, ultimately, on the proposition that an injustice would result from permitting that verdict to stand. *Russell* v. *Pilger,* 113 Vt. 537, 551, 37 A.2d 403.

The circumstance that the trial court's view of the facts might have inclined it to come to a conclusion contrary to that of the jury does not give it the right to disturb the verdict. Verdicts are not lightly to be disregarded, for it is the proper province of the jury to settle questions of fact. *Dashnow* v. *Myers,* 121 Vt. 273, 282, 155 A.2d 859.

When the discretionary grounds of the motion to set aside the verdict depend upon the evidence in the case, it is the duty of the trial court to consider that evidence in the light most favorable to the verdict. When the evidence is so viewed, if the judgment of the trial

court tells it that the verdict is clearly wrong and unjust because the jury have disregarded the reasonable and substantial evidence, or found against it, through passion, prejudice or some misconstruction of the matter, that judgment requires that the court's discretion be exercised to set aside that verdict. *Russell* v. *Pilger, supra,* 113 Vt. 537, 550, 37 A.2d 403.

On appeal, such rulings are tested by different standards. See *Russell* v. *Pilger, supra,* at pages 551-3. When this Court is called upon to review the trial court's disposition of a motion to set aside the verdict and grant a new trial, we are bound to accord to the ruling all possible presumptive support, very like that the trial court should give to the verdict of the jury. *Towle* v. *St. Albans Publishing Co.,* 122 Vt. 134, 142, 165 A.2d 363. The burden of showing that the court below has gone astray is on the party attacking the ruling.

Even though there is evidence in the case preponderating in favor of the verdict which was set aside, the reviewing court cannot disturb the ruling unless a verdict opposite to the one set aside would have no reasonable evidentiary basis. *Belock* v. *State Mutual Fire Insurance Co.,* 106 Vt. 435, 443, 175 Atl. 19. In other words, if the state of the evidence is such that the trial court had no right to act as a matter of discretion, then this Court reviews the action as one undertaken as a matter of law. Then, if the action cannot stand as a matter of law, it must be reversed here.

This is what is meant when it is said that this Court has no discretion in reviewing discretionary rulings of the lower court. See *Towle* v. *St. Albans Publishing Co., supra,* 122 Vt. 134, 142, 165 A.2d 363; *O'Brien* v. *Dewey,* 120 Vt. 340, 348, 143 A.2d 130. We are bound to pass on these rulings as a matter of law, without the privilege of choice based on a weighing of the evidence which is the discretionary right of the trial court. We can intervene only when the bounds of that right are overreached and abused. This occurs when the lower court purports to rule as a matter of discretion in an area where the situation did not leave it free to do so, or else when the lower court was demonstrably inspired to act by improper motives or untenable reasons. *O'Brien* v. *Dewey,* 120 Vt. 340, 348, 143 A.2d 130.

It must also be noted that there is a difference, from the point of view of the reviewing court, between a ruling refusing to set aside a verdict, and one granting a motion to set aside the verdict and grant a new trial. It is the duty of this Court to determine whether or not the lower court has viewed the evidence in the light most favorable to the verdict. A refusal to set a verdict aside assures that the evidence has been so evaluated. But where the verdict has been set aside, there is no such automatic demonstration that the evidence has been viewed in the aspect most favorable to the verdict.

There is also a significant difference between setting aside a verdict in favor of one who is obliged to satisfy the burden of proof (usually the plaintiff), and one who is not (usually the defendant). This requirement tends to reinforce a verdict in favor of a defendant, since he properly recovers if the plaintiff does not make out his case. A trial court, presuming to set aside a verdict in favor of a defendant, must be sure it gives adequate consideration to the plaintiff's evidentiary responsibility. Therefore, even though the ultimate ruling is a discretionary one, there is a threshold test which must be satisfied as a matter of law. At the least, when a verdict in favor of a defendant not having the burden of proof is set aside, there must be evidence in the case sufficient to satisfy the burden of proof, if viewed in the light most favorable to the plaintiff. Without this, there would be no reasonable evidentiary basis as required by *Belock* v. *State Mutual Fire Insurance Co., supra,* 106 Vt. 435, 443, 175 Atl. 19. This test applies as a matter of law, as in the case of a defendant's motion for a directed verdict. See *Rice's Admr.* v. *Press,* 117 Vt. 442, 448, 94 A.2d 397.

It is in the context of all this that the action of the trial court in rejecting the verdict must be reviewed for reasonableness. This Court can interfere with a discretionary ruling, made in good faith and based on the weight of the evidence, only if the result reached is clearly unreasonable. *Belock* v. *State Mutual Fire Insurance Co., supra,* 106 Vt. 435, 443, 175 Atl. 19.

In this case the parties are disputing about the reconstruction of a cellar wall which failed as originally built. The plaintiffs, who presently own the house, and the defendant, the contractor who built and sold the house, came to an agreement whereby the defendant

would rebuild the wall, which he did. It again failed and the plaintiffs hired another contractor, who successfully rebuilt the wall. The cost of this operation and associated losses represent the damages the plaintiffs sought to recover of the defendant. The evidence as to what the defendant had agreed to do was disputed. The defendant claimed that he made the repairs in accordance with directions given him by the plaintiffs. The plaintiffs claimed that they did not direct the manner in which the defendant rebuilt the wall, and that he promised to reconstruct it in a satisfactory manner. The testimony of the principals conflicted sharply, and there was evidence in the case tending to support the claims of each side. Resolution of the dispute depended on the testimonial credit accorded the witnesses.

Such a situation may support the exercise of a guarded discretion on the part of the trial court, if the peculiar circumstances of the case impell it to intervene in the fact-finding province of the jury, negate their verdict and award a new trial. There has been no showing that this discretion was abused or exercised for inappropriate or improper reasons. *Dashnow* v. *Myers, supra,* 121 Vt. 273, 283, 155 A.2d 859. In such circumstances we are bound to uphold the ruling of the trial court. *Temple* v. *Atwood,* 99 Vt. 434, 435, 134 Atl. 591.

We recognize that the rules of review for such actions of the trial court place a heavy burden on the appealing party, since it is his responsibility to demonstrate that the court misapplied or abused its right to rule as a matter if discretion. *Dashnow* v. *Myers, supra,* 121 Vt. 273, 279, 155 A.2d 859. This Court feels unanimously that when a jury verdict is set aside, the party against whom such ruling runs is entitled to have the court below indicate, on request, whether or not it was ruling as a matter of discretion and disclose, by specific findings, the basis for its ultimate conclusion that the jury reached an unjust and erroneous result. There is an obligation on the trial court to demonstrate that his action is not merely an invasion of the jury's province. Other jurisdictions have such a rule. *Israeloff* v. *Whitehall Taxicab Company,* R.I., 190 A.2d 588, 590. This would ameliorate the possible harsh results of having a ruling actually made as a matter of law reach us in the presumptive guise of a discretionary ruling, as existing law requires. *Haven* v. *Ward Estate,* 118 Vt. 499, 503, 114 A.2d 413.

*The order for a new trial is affirmed and the cause is remanded.*

Holden, J. concurs in the result.

**Hulburd, C. J.,** dissenting. When the majority say that "We are bound to pass on these rulings as a matter of law without the privilege of choice based on a weighing of the evidence which is the discretionary right of the trial court"—when this statement is made— we have to consider what it means. Reduced to a concrete application, it comes to this : any substantial evidence, no matter how slight, may be regarded by the trial court in its discretion as a sufficient basis for setting aside a verdict, against opposing evidence no matter how strong. I cannot comfortably commit myself to such a position although we have numerous decision tending to this effect. (See, however, *Spaulding* v. *Mutual Life Ins. Co.,* 94 Vt. 42, 57, 109 Atl. 22.)

In *Lind* v. *Schenley Industries Inc.,* 278 F.2d 79, 88, the matter of setting aside verdicts came under examination and was fully discussed in majority and dissenting opinions. The majority there say that where a verdict is set aside solely on the ground that it is against the weight of the evidence, "it then becomes the duty of the appellate tribunal to exercise a closer degree of scrutiny and supervision" than it would where a verdict is set aside because of other specific or pernicious elements which may have intruded into the trial. Perhaps this is the equivalent of saying that the appellate court has a limited discretion to review a trial court's discretion. This the majority of this Court would deny.

In any event, we are all agreed that the appellate court may intervene where the trial court has abused its discretion. Certainly some sort of review must be had to determine in a given case whether this is so. Moreover, I think we can generalize to this extent, as was done in *Lind* v. *Schenley Industries, Inc., supra,* and say that whenever the subject of the litigation before the court is simple and easily comprehended by any intelligent layman, so that the jury's main function is to determine the veracity of the witnesses, it is not for the trial court to override the jury's determination and substitute its judgment for that of the jury by setting aside the verdict as being against the weight of the evidence, and if the trial court does so it abuses its legal discretion. Where each side of an issue is fairly supported by the evidence, as was true in this case, the trial court ought not to usurp the

prime function of the jury as the trier of the facts. We have no doubt that any uncertainty as to the trial court's action should be resolved in its favor, and that the reviewing court should read the record in the light of the advantage which the trial court has in hearing the evidence first hand. It must be borne in mind, however, that this is an advantage which is shared by the jury as well.

Where, as in this case, the burden of proof is working against the action of the trial court so as to constitute a further hurdle to its action, it makes it that much more difficult to sustain the trial court's action. I am unable to do so in this case.

**Shangraw, J.,** dissenting. I am unable to join in an affirmance.

Without further setting forth the evidence in detail, it is apparent from the record that the evidence is at least equiponderant, and if anything the scales tip in the defendant's favor. In passing upon the discretionary ruling made by the trial court in setting aside the verdict and ordering a new trial, the majority opinion appears to express the view,—right or wrong,—we cannot question its propriety in this case. It is my view that the evidence does not justify such a conclusion. An untarnished verdict, based upon sufficient evidence, should not be destroyed under the guise of a discretionary ruling.

Many attempts have been made by courts to define judicial discretion with no harmonizing result. As stated in the case of *Hubbard* v. *Hubbard,* 77 Vt. 73 at pages 77 and 78, 58 Atl. 969, 107 Am. St. Rep. 749, 67 L.R.A. 969, "All agree that by judicial discretion is never intended the whim or caprice of the magistrate, nor a course of judicial action inconsistent with itself in dealing with cases essentially alike." ", . . he is not altogether a law unto himself, . . ." "All judicial discretion may thus be considered as exercisable only within the bounds of reason and justice in the broader sense, and to be abused when it plainly overpasses these bounds."

By setting aside the verdict in this case the trial court was called upon to proceed with cautious deliberation. In the exercise of this discretion the guide lines are cogently expressed in the case of *Dashnow* v. *Myers,* 121 Vt. 273, at pages 282 and 283, 155 A.2d 859, in the following language.

"In this, the judgment of the jury as expressed in the verdict is, and should be in most instances, final. Where there is a conflict

in the evidence, the trial court is not empowered to disturb the result of the jury merely because the conclusion differs with that which the judge might have reached. Yet, in those occasional cases where it is clear the jury has gone astray, by influence of passion or prejudice, or because the jury has taken an obviously mistaken view of the merits of the controversy, it is the duty of the court, upon proper motion, to reject the verdict,"

citing *Rule* v. *Johnson,* 104 Vt. 486, 491, 162 Atl. 383; *Smith* v. *Martin,* 93 Vt. 111, 122, 106 Atl. 666.

The *Dashnow* v. *Myers* case, *supra,* confirms the views expressed in the case of *Russell* v. *Pilger,* 113 Vt. 537, 37 A.2d 403, wherein at pages 550 and 551 appears the following statement:

"It is the province of the jury to settle questions of fact; and when the evidence is such that different minds would fairly and reasonably come to different conclusions thereon a trial court has no right to disturb the findings of the jury, although its view of the facts might have inclined it to find the other way."

When the disposition of a discretionary ground of a motion to set aside a verdict depends upon the evidence in the case it is the duty of the trial court to consider the evidence in the view most favorable to the verdict. *Russell* v. *Pilger, supra,* page 551; *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 155, 130 Atl. 758.

It appears to be the prevailing rule that an appellate court will interfere in cases as the one under consideration with greater reluctance than when a trial court has overruled a motion for a new trial. This rule appears to be one more of admonitory caution to an appellate court, rather than an enlargement of power in the trial court. *Strode* v. *Strode,* 194 Ky. 665, 668, 240 S.W. 368, 27 A.L.R. 313.

The evidence presented a clear-cut jury question. The plaintiffs had the burden of proving their case by a preponderance of the evidence. The jury could and did come to the conclusion that the plaintiffs had failed in this respect. This being so the defendants were entitled to the verdict. *King* v. *Skomorock,* R.I., 190 A.2d 470; *Israeloff* v. *Whitehall Taxicab Company,* R.I., 190 A.2d 588.

After a consideration of the evidence it is my judgment that the trial court was clearly wrong in disturbing the verdict because the evidence was such that reasonable men could come to different con-

clusions thereon. The record fails to disclose, nor has the trial court pointed out, any impropriety in the verdict. No reasonable basis appears in support of the trial court's action in granting the motion. On this subject see *Kansas Pac. R. Co.* v. *Kunkel,* 17 Kan. 145; *Strode* v. *Strode, supra;* 39 Am Jur. New Trial §§131-134; 66 C.J.S. §70 (b) pages 219-222.

We are here concerned with a claimed abuse of discretion. The trial court had large discretion in acting upon the motion to set aside the verdict, however it was a legal discretion, and not an arbitrary one. When the bounds of legal discretion are invaded then there arises the question of the legal propriety and justice of such action. It is my view that the trial court exceeded its discretionary control over the verdict and abused its judicial discretion in setting aside the verdict.

I would reverse and remand for an appropriate judgment order on the verdict in favor of the defendant.