261 A.2d 646.

Mary T. Gunn *vs.* Hertz Corporation *et al.*

JANUARY 30, 1970.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Paolino, J. This cause is before us on the defendants' appeal from a decision of the trial justice granting the plaintiff's motion for a new trial.

On April 6, 1966, at around 12 p.m. plaintiff was involved in an accident while driving south in the fourth or most easterly travel lane on Route 95 in Providence. It is undisputed that plaintiff's car was struck in the rear by a motor vehicle operated by defendant Taglienti and owned by de-

fendant, Hertz Corporation. The plaintiff's testimony is that she was traveling 40 to 45 miles per hour; that a truck in the third travel lane, the one to her immediate right, appeared to swerve toward her lane; that because of this she reduced her speed by applying her brakes; and that her car was then struck in the rear by defendant's motor vehicle.

The defendant Taglienti's version of the accident differs from that of plaintiff. He testified that he was traveling south in the extreme left travel lane by the guard rail, the fourth travel lane, at approximately 45 miles per hour; that there was no traffic immediately in front of him; that plaintiff's vehicle was proceeding along in the third travel lane ahead of him; that defendant saw a truck two lanes to his right and ahead of plaintiff's car cut or swerve in front of her car; that she in turn cut suddenly in front of defendant's car, stopping dead; and that there was nothing he could do to avoid the accident because of the guard rail to his left and the traffic proceeding in the lane to his immediate right.

The plaintiff and Taglienti gave statements of the accident to a police officer who arrived at the scene of the accident. They both told him about the truck which cut in front of plaintiff, but Taglienti's report to the officer does not state that plaintiff had shifted lanes suddenly.

A passenger, who was riding with Taglienti at the time of the accident was not called as a witness, Taglienti stating that he did not know where the passenger was at the time of the trial; that he knew he was in Florida, but did not know where in Florida; that the last time he had seen him was about a year before the trial; and that on the day of the trial Taglienti had advised his counsel that the passenger was no longer an employee of Hertz. An offer of the passenger's written statement about the accident was made by defendants, but plaintiff's objection to its introduction was sustained by the trial justice.

In addition to the general principles of law applicable in an automobile negligence case, the trial justice charged the jury on the "empty chair doctrine" as follows:

"If a party to this case has failed to produce a witness within his power to produce, you may infer that the testimony of that witness would be adverse to that party, if you believe each of the following elements. One, the witness was under the control of the party and could have been produced by the exercise of reasonable diligence. Two, the witness was not equally available to the other party. Three, that a reasonable prudent person under the same or similar circumstances would have produced the witness if he believe[d] that the testimony of the witness would be favorable to him. Four, and that no reasonable excuse is given for the failure to produce has been shown."

He also instructed the jury that there was no evidence of contributory negligence on the part of plaintiff and that the only question was whether defendant was guilty of any negligence.

The jury returned a verdict for defendants, and thereafter plaintiff filed a motion for a new trial on the grounds that the verdict, and the judgment based thereon, were against the law, against and contrary to the evidence, did not do substantial justice between the parties, and the judgment was not based upon the evidence but was rather motivated by prejudice on the part of the jury.

In his decision granting the motion for a new trial, the trial justice pointed out the difference between plaintiff's and Taglienti's versions of the accident. He noted that plaintiff testified she was in the furthest travel lane, that a vehicle cut in front of her and moved toward her and that she slowed up. He also reviewed Taglienti's testimony that plaintiff was not in the furthest lane, that he was in that lane, and that plaintiff was in the adjoining lane and had cut in front of him and stopped. He observed that there was no evidence in the record that this was the story Tag-

lienti had given to the police at the time of the accident; and that, other than Taglienti's testimony, there was no evidence showing that plaintiff had stopped suddenly (e.g., the police presented no evidence of skid marks).

The trial justice stated that the most important element in the case was defendants' failure to produce, either orally or by deposition, the testimony of the passenger who was riding with him at the time of the accident; that he felt the jury did not give sufficient weight to defendants' failure to produce the passenger's testimony; and that he was inclined to give such failure more weight against defendants, especially in view of the fact that defendants' counsel was an experienced trial counsel.

He stated expressly that he did not accept Taglienti's story. He said that plaintiff did not make a good witness, not in the sense that she was not to be believed, but in the sense that she talked too much, and he felt that the jury held that against her. He concluded that in his judgment substantial justice was not done and, therefore, granted plaintiff a new trial in both actions.

In support of their argument that the trial justice erred, defendants contend that he overlooked the evidence that they did not know of the passenger's whereabouts at the time of the trial; that he overlooked their offer of a statement by the passenger; that he placed undue and improper emphasis upon the missing passenger; that the passenger's absence was adequately explained by defendants during the trial; and that in view of the trial justice's instructions on the "empty chair doctrine," it was obvious that the jury determined as a question of fact that defendants were excused from presenting the passenger's testimony under the circumstances of the case since it returned a verdict for them.

In our judgment none of these arguments are persuasive. The trial justice did not overlook defendants' testimony re-

garding their lack of knowledge of the passenger's whereabouts; he considered their explanation, but concluded that it was neither satisfactory nor adequate. His conclusion was undoubtedly influenced by the fact that they had experienced trial counsel who could have presented the passenger's testimony by deposition, well knowing that the passenger's statement about the accident would be inadmissible in the posture in which it was offered. In passing on a motion for a new trial based on the ground that a verdict is against the weight of the evidence, it is the duty of the trial justice to pass not only on credibility but also on the weight of the evidence. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836; *Israeloff* v. *Whitehall Taxicab Company,* 96 R. I. 231, 190 A.2d 588. In exercising his independent judgment in passing on plaintiff's motion for a new trial, the trial justice frankly weighted defendants' failure to present the testimony of the passenger more heavily against them than the jury did. This he has a right to do under our cases. See *Cavallaro* v. *Sharp,* 84 R. I. 67, 121 A.2d 669.

Although the trial justice said that defendants' failure to present the passenger's testimony was the most important element in the case, this was not the only reason for his action granting the motion for a new trial. The trial justice also said that he did not accept Taglienti's story, his reason for doing so obviously being the inconsistency between Taglienti's statement to the police officer and his testimony in court regarding how the accident happened. With Taglienti's testimony out of the case, there is no merit to defendants' claim that the evidence was so nearly balanced that different minds would naturally and fairly come to different conclusions and that, therefore, the trial justice had no right to disturb the findings of the jury even though his own judgment might incline him the other way. In the circumstances he had the authority to reject Taglienti's story and since defendants have not sustained their burden

of persuading us that he misconceived any material evidence in refusing to accept Taglienti's story, we find no error on this ground. *Karem* v. *Harbor Shellfish, Inc.,* 99 R. I. 325, 207 A.2d 384.

After passing his independent judgment on the credibility of the witness and the weight of the evidence in accordance with our rules, *Barbato* v. *Epstein; Israeloff* v. *Whitehall Taxicab Company,* both *supra,* the trial justice concluded that the verdicts failed to do substantial justice between the parties and granted a new trial. Having arrived at such conclusion it became his duty to do so. *Russo* v. *Odell,* 105 R. I. 349, 252 A.2d 135; *Dawson* v. *Rhode Island Auditorium, Inc.,* 104 R. I. 116, 242 A.2d 407. We have examined the record to determine whether defendants have met their burden of establishing that the trial justice overlooked or misconceived any material evidence on any decisive issue in the case, and, having concluded that he did not, we hold that his ruling on the motion for a new trial was without error. *Dawson* v. *Rhode Island Auditorium, Inc., supra.*

Judgment affirmed.

*Adler, Pollock & Sheehan, Peter Lawson Kennedy,* for plaintiff.

*Gunning & LaFazia, Raymond A. LaFazia,* for defendants.