207 A.2d 384.

RICHARD A. KAREM vs. HARBOR SHELLFISH, INC.

DEIDRE KAREM, p.a. vs. SAME.

RICHARD ANTHONY KAREM, p.a. vs. SAME.

ROBERT KAREM, p.a. vs. SAME.

SELMA I. KAREM vs. SAME.

STEPHANIE KAREM, p.a. vs. SAME.

ELISE KAREM, p.a. vs. SAME.

SELMA I. KAREM vs. CARL T. JARVIS.

RHONDA KAREM, p.a. vs. HARBOR SHELLFISH, INC.

FEBRUARY 26, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. These actions of trespass on the case for negligence were brought to recover damages for personal injuries allegedly sustained when an automobile operated by the plaintiff Richard A. Karem, in which the other plaintiffs were passengers, was in a collision with a truck

owned and operated by the defendants Harbor Shellfish, Inc. and Carl T. Jarvis respectively. The cases were tried together before a justice of the superior court sitting with a jury and resulted in each case in a verdict for the defendant. The trial justice granted each plaintiff's motion for a new trial and each case is now before us on the exception of the defendant therein to that ruling.

We shall discuss the exceptions as if the only case before us were the one wherein Richard A. Karem is the plaintiff. Although he was not the owner, we shall for convenience refer to the automobile he was operating as though it were his and for the same reason shall refer to the truck as if it were Jarvis'.

It appears that on the morning of February 20, 1962 while proceeding in a generally southerly direction on the easterly portion of a divided highway located in the state of New Jersey, plaintiff's automobile was struck by defendant's truck which was going in the same direction. When the vehicles came to a stop after the collision, they were positioned transversely across the entire width of the highway at approximately right angles to the line of travel. The front of plaintiff's automobile was close to the concrete barrier which divided north and south bound lanes and the rear was in the middle lane just to the right of a white line separating that lane from the passing lane. The defendant's truck had tipped over and was lying on its side with its extended tail gate touching or resting on the rear portion of plaintiff's automobile and its front end close to the highway's outer edge.

The testimony for plaintiff was that he was proceeding at a speed of 35 to 40 miles an hour in the middle lane, just to the right of the white line, when his automobile was struck in the rear several times by defendant's truck.

The defendant's version of the collision came from Jarvis and it differs. He was traveling in the passing lane at a speed of 35 to 40 miles an hour when he first observed

plaintiff's automobile which was then in the extreme right-hand lane, about two car lengths ahead of his truck and was "slowing down fast" to "About forty-five or so." It appeared to him that plaintiff's automobile was about to leave the highway at the exit to U. S. Route 1 or 9 which was on the right side of the highway about 30 yards ahead. Instead, however, it suddenly turned left and entered the passing lane at a forty-five-degree angle. At that point Jarvis sounded his horn, applied his brakes, and moved closer to the dividing barrier, but was unable to avoid the impact which occurred when plaintiff's automobile was almost "into the passing lane." After the initial contact between the vehicles, his truck tipped over as he turned to the right in order to avoid further impact with plaintiff's automobile which had in the interim "spun * * * around sideways" and "was sliding down the road sideways."

The substantial issue before the trial justice on the motion for a new trial in the posture of this case was the credibility of the witnesses. In passing on that motion the trial justice rejected certain material portions of Jarvis' testimony as untruthful. On the record as it then stood with the disbelieved testimony excluded, he found in substance that there had been a rear-end collision which had not been satisfactorily explained by defendant and that therefore the verdict was so contrary to the weight of the evidence as to require a new trial. In arguing error, defendant apparently concedes that the trial justice in the exercise of his independent judgment considered all of the material evidence in the case and passed on its weight, but contends nonetheless that his ruling thereon, being based upon a misconception of material evidence, should not be accorded the persuasive force to which it would otherwise be entitled.

The defendant refers us to those portions of the ruling wherein the trial justice rejected as untruthful Jarvis' testimony as to the speed of the truck, the direction in which

plaintiff's automobile was traveling when the collision took place and the point of impact. On these factual questions which are vital to the case and controlling, defendant points out that Jarvis' statements were either uncontradicted, or, if disputed by direct testimony, were not so unreasonable as to justify disbelief.

The trial justice, however, in considering the credibility of the witnesses found Jarvis' testimony on the controlling questions unworthy of belief because in his independent judgment it had been impeached either by direct or circumstantial evidence, or for the reason that when considered in the light of all the material evidence and the inferences reasonably deducible therefrom, it was inherently improbable. To reject the testimony for those reasons was within his province. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836; *Somerset Realty Co.* v. *Shapiro,* 51 R. I. 417.

We have examined the transcript to ascertain whether defendant has satisfied its burden of establishing that the trial justice misconceived the material evidence when he dismissed Jarvis' testimony as "incredible." *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305. We conclude that he did not. His ruling on the motion for a new trial was without error.

Since Richard A. Karem was the operator of the automobile in which the other plaintiffs were passengers, it is clear on the evidence that our decision in his case is dispositive of the other cases.

The defendant's exception in each case is overruled, and each case is remitted to the superior court for a new trial.

*Abedon, Michaelson & Stanzler, Milton Stanzler,* for plaintiffs.

*Carl H. Anderson,* for defendants.