218 A.2d 478.

MARGARET M. CORSAIR *vs.* EVELYN A. DEMPSEY.

APRIL 7, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

Roberts, C. J. This action of trespass on the case for negligence was brought to recover for injuries sustained by the plaintiff when a motor vehicle being operated by her came into collision with another vehicle operated by the defendant. The case was tried to a justice of the superior court sitting with a jury and resulted in a verdict for the defendant. Thereafter the trial justice granted the plaintiff's motion for an unconditional new trial, and the defendant is now in this court prosecuting only her exception to that ruling.

The defendant contends that the trial justice erred in ordering a new trial because, the evidence adduced being in conflict and of such nature that reasonable minds could fairly reach different conclusions thereon, the trial justice should not in such a state of the evidence substitute his conclusion as to the facts for that of the jury even though his own judgment might incline him to make contrary findings. This is the rule. *Young* v. *Cunningham*, 94 R. I. 378.

This contention defendant rests on what we view to be an erroneous conclusion that the trial justice misconceived evidence adduced at trial concerning the location of plaintiff's vehicle and the speed at which it was being driven at the time defendant, about to enter the intersection, looked to her right and states that she was two blocks away. In support of her contention defendant directs our attention to the trial justice's statement in his rescript that the testimony of defendant "that she saw the plaintiff two blocks to her right on Robinson Avenue is not credible. After stopping, the defendant proceeded ahead and yet the plaintiff negotiated the two blocks while she was proceeding a few feet. To accomplish this the plaintiff had to be moving at a great speed and this is not credible on the facts of this case."

We are persuaded, however, that defendant overlooked the significance of the next paragraph of the rescript of the trial justice, for it is omitted from the quotation therefrom set out in her brief. In that paragraph the court said: "It would appear that both vehicles entered the intersection at approximately the same time. It is probable that the plaintiff was moving at a faster rate of speed than the defendant, who came forward from a stopped position, and thus the plaintiff's car was in front of the defendant and the defendant struck the plaintiff."

Then, after discussing the rules of law applicable to the operation of motor vehicles at highway intersections, the trial justice went on to say, as defendant quotes him: "The Court does not feel, on the facts of this case, that the plaintiff was proceeding at a high rate of speed. If she was then the collision would not have brought her to such a prompt and short terminus." It is our opinion that when those portions of the trial justice's rescript that are quoted in defendant's brief are thus read in the full context of the rescript, it is clear that the court was impeaching the testimony of defendant as to the speed and location of plaintiff's car on the basis of its inherent improbability. This obviously is a proper exercise of the fact-finding power of the trial justice when passing on a motion for a new trial on the ground that the verdict is contrary to the weight of the evidence.

In *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836, we noted that a trial justice, in discharging his duty on a motion for a new trial, "can accept some or all of the evidence as having probative force; or he can reject some of the testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence, or because of inherent improbabilities or contradictions which alone or in connection with other circumstances satisfies him of its falsity * * *." What the trial justice did here, in our opinion, was to eliminate defendant's testimony as to the

location and speed of plaintiff's car on the ground that it was inherently improbable, and he did not, as defendant argues, misconceive or overlook that testimony.

In short, we are constrained to conclude that the trial justice, in granting the plaintiff's motion for a new trial here, did not substitute his own judgment on the weight of the evidence for that of the jury under the well-established rule upon which the defendant relies but rather properly discharged his duty on the basis of his evaluation of the want of probative force in the pertinent testimony adduced through the defendant and her son.

The defendant's exception is overruled, and the case is remitted to the superior court for an unconditional new trial.

*John F. McBurney,* for plaintiff.   ,

*Gunning and LaFazia, Edward L. Gnys, Jr.,* for defendant.