234 A.2d 353.

GERARD E. LANDRY, *p.a. vs.* FREDERICK A. VOGEL.

NORMAN LANDRY *vs.* FREDERICK A. VOGEL.

OCTOBER 18, 1967

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. The only question raised on appeal in these actions of trespass on the case for negligence is whether the trial justice erred in granting the motion of each plaintiff for an unconditional new trial, verdicts having been returned for the defendant at the close of jury trials in the superior court. In our opinion, he did not err in so ruling.

These actions were brought to recover damages for injuries sustained by the minor plaintiff when struck by a motor vehicle owned and operated by the defendant while crossing the street in front of his home in Pawtucket. The only evidence as to the circumstances in which this accident occurred was adduced through the testimony of defendant, who was called as a witness under the adverse witness statute by plaintiff and subsequently testified in his own behalf.

The defendant testified as to the conditions that existed at the scene of the accident, the speed at which he was proceeding, the location of two motor vehicles parked at the scene, the distance at which he first observed the minor plaintiff crossing the street, his estimates of the distances covered by him and the plaintiff immediately preceding the impact, and the distance that he traveled thereafter before bringing his vehicle to a stop. He testified further that upon stopping his vehicle, he thought the boy would be on the street at the right rear of his car and, upon alighting therefrom, went back to look for him. At that point he observed the boy's father running toward the front of his car and, looking, saw the boy prostrate in the street some fourteen feet in front of his car.

In granting each plaintiff's motion for a new trial, the trial justice expressly rejected the testimony of defendant, saying with respect thereto that such testimony "* * * leaves

some doubt in this Court's mind as to his credibility." It is clear from a reading of the decision as it appears in the transcript that in the court's opinion defendant's credibility was impeached by reason of inconsistencies in the testimony thus given by him. Because of this conclusion, the court stated: "The Court feels that under all the evidence that the Jury did not give proper weight to the inconsistency of the statements given to the Jury by the defendant, together with the physical evidence as it appears from the record."

The defendant argues that in so holding, the trial justice demonstrates a misconception of his testimony and contends that his estimates of the distances involved are reasonably accurate. We are unable to agree that his testimony was entirely free from inconsistency or that the trial justice improperly drew inferences therefrom that sustained his view that the testimony was inconsistent with the physical facts to such degree as to warrant his rejection of defendant's testimony as being impeached thereby.

It is our opinion that the issue presented to us here is definitely similar to that with which we were presented by the facts in *Corsair* v. *Dempsey,* 100 R. I. 600, 218 A.2d 478. There we held on a set of facts, analogous to those in the instant case, that where the evidence adduced at a trial before a jury is of such a nature that reasonable minds could fairly reach different conclusions thereon, the trial justice may not properly substitute his conclusion as to the facts for that of the jury, even though his own judgment might incline him to make findings contrary to those of the jury. That is not what the trial justice did in the instant case, in our opinion. Here the trial justice, as in *Corsair* v. *Dempsey, supra,* eliminated defendant's testimony as to the speed of the car and the relevant locations of the child and the car at the time defendant testifies that he first saw the child crossing the street as being inconsistent with the physical

4

facts surrounding the occurrence. This, in our opinion, is not to misconceive the testimony nor to substitute the judgment of a trial justice for that of a jury. What he did here is what we approved in *Corsair* v. *Dempsey,* that is, "* * * discharged his duty on the basis of his evaluation of the want of probative force in the pertinent testimony * * *."

It is well settled that a trial justice may "* * * reject some of the testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence, or because of inherent improbabilities or contradictions which alone or in connection with other circumstances satisfies him of its falsity * * * or because it is totally at variance with undisputed physical facts or laws * * *." *Barbato* v. *Epstein,* 97 R. I. 191, 193, 196 A.2d 836, 837; *Karem* v. *Harbor Shellfish, Inc.,* 99 R. I. 325, 328, 207 A.2d 384, 386. We conclude then that no error inhered in the decision of the trial justice granting a new trial in each case.

The defendant's appeal in each case is denied and dismissed, the decision appealed from is affirmed, and each case is remanded to the superior court for further proceedings.

*John F. McBurney, William J. Burke, J. Joseph Nugent,* for plaintiffs.

*Jordan, Hanson & Curran, Kirk Hanson,* for defendant.